UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARITZA REYES,

        Plaintiff,

v.                                              Case No.: 6:22-cv-1525-WWB-DCI

FLORIDA A&M UNIVERSITY BOARD
OF TRUSTEES (FAMU),

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Opposed Motion to Dismiss Plaintiff's Amended Complaint as a Shotgun Pleading and to Strike Immaterial Allegations and Alternative Motion for More Definite Statement ("**Motion to Dismiss**," Doc. 22) and Plaintiff's Response (Doc. 28) thereto. For the reasons set forth below, Defendant's Motion will be granted in part.

### I.  BACKGROUND

Plaintiff, a Hispanic/Latina woman, was offered a position as an assistant professor of law at the Florida A&M University College of Law ("**FAMU Law**") in March 2009, which she accepted. (Doc. 10, ¶¶ 4, 25–26). Plaintiff alleges that she was the first Hispanic person hired in a tenure-track position at FAMU Law and the first to apply for tenure. (*Id.* ¶¶ 26, 39). Plaintiff alleges that she applied for tenure on September 12, 2014, and was subjected to a variety of unfair and improper conduct by members of the reviewing committee based on her race. (*See generally id.* ¶¶ 41–64). On April 24, 2015, Plaintiff submitted a complaint alleging discrimination and retaliation on the basis of race, color,

national origin, and sex to the Office of Equal Opportunity Programs against the members of the tenure committee, which was dismissed after an investigation. (*Id.* ¶¶ 65, 66). Although members of the committee recommended that Plaintiff be denied tenure, she was granted tenure on June 10, 2015. (*Id.* ¶¶ 67–68). Plaintiff subsequently applied for a promotion to full professor in 2018. (*Id.* ¶ 150). Plaintiff alleges that the process was again fraught with discrimination and irregularities, ultimately resulting in the denial of a promotion. (*See generally id.* ¶¶ 151–168). Additionally, Plaintiff alleges generally that she has been subjected to ongoing race and gender-based hostilities since she began her employment at FAMU Law. (*See generally id.*). As a result, Plaintiff alleges claims for discrimination, hostile work environment, and retaliation on the basis of race, color, national origin, and gender in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. § 2000e *et seq*. (*Id.* ¶¶ 216–333).

## II.     LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "'[I]n the federal system, . . . motions for a more definite statement are not favored'" and "should rarely be granted."  *Foster v. Dead River Causeway, LLC*, No. 6:14-cv-688-Orl, 2014 WL 4059899, at *2 n.2 (M.D. Fla. Aug. 15, 2014) (quoting *Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000)).  "A motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (quotation omitted).

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, motions to strike are generally disfavored by the courts and "should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'"  *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

### III.  DISCUSSION

Plaintiff filed her initial Complaint (Doc. 1) on August 25, 2022.  On September 1, 2022, the Court dismissed the Complaint as an impermissible shotgun pleading.  (Doc. 8 at 2).  Specifically, the Court noted that Plaintiff's Complaint "reincorporate[d] by reference every allegation of the entire pleading" and "fail[ed] to separate into a different count each cause of action."  (*Id.*).  Thus, Plaintiff was ordered to replead.  Defendant argues that Plaintiff's Amended Complaint (Doc. 10) fails to correct the reincorporation issue and also falls within the category of shotgun pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).

Although Plaintiff incorporates by reference each factual allegation of her Amended Complaint into every claim for relief, unlike before, she does not incorporate each cause of action into each successive cause of action, although, admittedly, some factual allegations are clearly irrelevant to certain causes of action.  Several courts, including this one, have recognized that this alone does not constitute a shotgun pleading.  *See, e.g.*, *Burillo de Larrea v. Golden Yacht Charters, Inc.*, No. 21-cv-22324, 2022 WL 1135695, at *7 (S.D. Fla. Apr. 18, 2022); *Pagan v. Wal-Mart Assocs., Inc.*, No. 8:21-cv-1095, 2021 WL 3172018, at *3–4 (M.D. Fla. July 27, 2021); *Woznicki v. Raydon Corp.*, No. 6:18-cv-2090-Orl, 2019 WL 5702728, at *2 (M.D. Fla. Nov. 4, 2019).

Nevertheless, although the bulk of Plaintiff's allegations appear to be relevant to her claims, the Amended Complaint also contains several allegations that do not appear to be logically connected to any cause of action, allege harms to other persons, or are

wholly unnecessary to properly allege the causes of actions Plaintiff seeks to allege. Plaintiff also includes improper legal argument and citation to scholarly articles. Finally, the Amended Complaint, although seemingly including every slight or disagreement that Plaintiff has had with a colleague while employed at FAMU Law, is replete with conclusory and vague statements regarding various individuals' conduct spanning nearly fifteen years—not organized in a coherent and logical manner—making it difficult to understand how the numerous alleged actions by Defendant's faculty and staff are legally connected to her various causes of action. Accordingly, the Court finds that the Amended Complaint is a shotgun pleading and will be dismissed. Plaintiff will be granted leave to file an amended pleading, but she is cautioned that failure to correct the deficiencies noted herein may result in the dismissal of any amended pleading with prejudice. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).

Having determined that the Amended Complaint must be dismissed as a shotgun pleading, this Court declines to address Defendant's remaining arguments at this juncture until the basis or bases upon which Plaintiff seeks to hold it liable have been more clearly pleaded. Defendant may renew its objections to the extent relevant in response to an amended pleading.

## IV.  CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 22) is **GRANTED in part** as set forth herein and **DENIED without prejudice** in all other respects.
2. The Amended Complaint (Doc. 10) is **DISMISSED without prejudice**.

3. On or before **September 29, 2023**, Plaintiff may file an amended pleading to correct the deficiencies noted herein. Plaintiff is cautioned, however, that the Court will not grant further leave to amend the plead in this case.

**DONE AND ORDERED** in Orlando, Florida on September 15, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party