# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARITZA REYES,**

        **Plaintiff,**

v.                                            Case No: 6:22-cv-1525-WWB-DCI

**FLORIDA A&M UNIVERSITY BOARD**
**OF TRUSTEES (FAMU),**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Expedited Motion to Compel FAMU President Larry Robinson's Deposition (Doc. No. 50)** |
| **FILED:** | **May 29, 2024** |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED in part**. |

By Order dated May 24, 2024, the Court denied Defendant's Motion for Protective Order Precluding the Deposition of Dr. Larry Robinson pursuant to the apex doctrine. Doc. 49. Pending before the Court is Plaintiff's Expedited Motion to Compel Dr. Robinson's deposition. Doc. 50 (the Motion). Plaintiff asserts that she has been unable to successfully coordinate Dr. Robinson's deposition with Defendant despite the Court's Order and seeks Court intervention. *Id*.

Defendant responds to the Motion and states that it has been unable to obtain a seven-hour block for the deposition as Plaintiff has demanded and, for the first time, complains that Plaintiff refuses to conduct the deposition in Tallahassee instead of Orlando as noticed. Doc. 52 (the

Response). Defendant states that it objects to an extension of the discovery deadline but, if the Court determines that Dr. Robinson's deposition should proceed, requests that the Court allow the deposition to occur on or before June 17, 2024, and direct that the deposition take place in Tallahassee or by remote means. *Id*. at 2-3.

Plaintiff has since filed a Notice of Additional Conferral and represents that the Motion "seems to be resolved as to Defendant's agreement that it must produce President Robinson for deposition." Doc. 54. Even so, Plaintiff states that Defendant's counsel is still working on an available date for the deposition with the additional condition that the deposition be conducted in Tallahassee or via remote means. *Id*. With leave of Court, Plaintiff has also filed a Reply to the Response and objects to Defendant's position regarding the location of the deposition. *Id*. 4.

Upon due consideration, the Motion is granted to the extent that Plaintiff seeks to take Dr. Robinson's deposition in Orlando, Florida. If Defendant desired a limitation or condition on the location of the deposition, Defendant had the opportunity to make that argument upon the Court's consideration of Defendant's Motion for Protective Order, but Defendant made no such argument. As such, the request is deemed waived. Nor can Defendant make a request for relief in a response to a motion. Regardless, Defendant does not state good cause for the request (*See* Doc. 52) and, therefore, the deposition will go forward as noticed.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 50) is **GRANTED in part** to the extent that Dr. Robinson shall appear in person in Orlando, Florida for the deposition at a mutually agreeable date and time to be completed **on or before June 26, 2024**. The remainder of the Motion is **DENIED**; and

2. The Court finds that payment of reasonable expenses, including attorney fees, incurred in making the Motion is not necessary pursuant to Rule 37(a)(5)(C).

**DONE AND ORDERED** in Orlando, Florida on June 12, 2024.

                                                 DANIEL C. IRICK
                                                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties