UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARITZA REYES,

        Plaintiff,

v.                                                        Case No.: 6:22-cv-1525-WWB-DCI

FLORIDA A&M UNIVERSITY BOARD
OF TRUSTEES (FAMU),

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Opposed Motion to Dismiss With Prejudice, or in the Alternative, Motion to Strike (Doc. 35) and Plaintiff's Response (Doc. 36). For the reasons set forth below, Defendant's Motion will be denied.

**I.     BACKGROUND**

Plaintiff, a Hispanic/Latina woman, joined the faculty at the Florida A&M University College of Law ("**FAMU Law**") as a professor of law in April 2009. (Doc. 34, ¶¶ 4, 23–25). Plaintiff was promoted to associate professor on August 6, 2012, and on June 10, 2015, Plaintiff received tenure. (*Id.* ¶¶ 77, 159). However, when Plaintiff applied for a promotion to full professor in 2018, she alleges that the process was fraught with procedural irregularities and largely conducted by a panel of individuals that harbored racial animosity toward Plaintiff. (*Id.* ¶¶ 161–163, 175–180, 182–185). Plaintiff was notified that she had been denied the promotion to full professor on August 5, 2019, the first day of classes. (*Id.* ¶ 184). Plaintiff also alleges that the Provost and President "made it impossible for" her to appeal the negative decision by involving an Associate

Provost and General Counsel, both Black women, that denied her information and "sabotage[d] her appeal." (*Id.* ¶ 185).

In addition to being denied a promotion to full professor, Plaintiff alleges that throughout her recruitment and employment she was subjected to systemic harassment and discrimination by tenured Black professors, whom she refers to as the "majority clique." (*Id.* ¶¶ 22, 27, 31). Plaintiff also alleges that members of the majority clique recruited others to participate in the discrimination, including both Black and White professors and faculty, staff members, and students. (*See, e.g.*, *id.* ¶¶ 30, 62–64, 70, 119, 164, 166, 205). Plaintiff details a number of alleged slights and embarrassments from her colleagues, such as interfering with and attempting to prevent Plaintiff from obtaining tenure, (*id.* ¶¶ 32–77), retaliating against the Hispanic American Law Student Association and removing Plaintiff as its faculty advisor, (*id.* ¶¶ 87–88, 126–127), rejecting Plaintiff's racial self-identification, (*id.* ¶¶ 94, 97, 111), and making other rude comments, gestures, and physical contacts, (*see generally id.*). Plaintiff alleges generally that these actions are the result of the majority clique's preference for individuals that identify as Black. (*See generally id.*).

As a result of the denial of promotion and perceived hostilities, Plaintiff alleges claims for discrimination and hostile work environment on the basis of race, color, and gender and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. § 2000e *et seq*. (*Id.* ¶¶ 232–303).

II.   **LEGAL STANDARD**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are generally disfavored by the courts and "should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

### III.  DISCUSSION

Plaintiff, a licensed attorney, filed this lawsuit on her own behalf on August 25, 2022.  Upon review of the ninety-two-page Complaint (Doc. 1), the Court *sua sponte* dismissed Plaintiff's initial pleading as an impermissible shotgun pleading and ordered Plaintiff to replead. (Doc. 8 at 2–3).  Plaintiff filed an Amended Complaint (Doc. 10), which the Court again dismissed as a shotgun pleading.  (Doc. 30 at 4–6).  Therein, the Court noted that "although the bulk of Plaintiff's allegations appear to be relevant to her claims, the Amended Complaint also contains several allegations that do not appear to be logically connected to any cause of action, allege harms to other persons, or are wholly unnecessary to properly allege the causes of action Plaintiff seeks to allege." (*Id.* at 5–6).  The Court also noted that many of the allegations contained in Plaintiff's amended pleading were so vague and conclusory that it was nearly impossible to determine the reason they were included in the pleading.  (*Id.* at 6).  Plaintiff was cautioned that she would not be granted further leave to amend if she failed to correct the pleading deficiencies.  (*Id.*).  Thereafter, Plaintiff filed her Second Amended Complaint (Doc. 34), which Defendant argues still fails to meet the minimum federal pleading standards.

Specifically, Defendant argues that Plaintiff's ninety-six-page, 303 paragraph Second Amended Complaint is still "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).  In support of this argument, Defendant points to Plaintiff's failure to remove allegations regarding harms to other persons unrelated to this lawsuit and to either remove factual allegations without any apparent connection to the purported discrimination or to properly allege that connection.

In her Response, Plaintiff argues that she needed to include sufficient factual information to demonstrate the cumulative effects resulting in an allegedly hostile work environment. While the Court agrees with this general proposition, Plaintiff's pleading far exceeds that threshold. Plaintiff is not required to prove her case in her complaint, rather she is required to make a short and plain statement that would entitle her to relief and raise her claims above a speculative level. *See Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018). Despite this, Plaintiff argues that "[i]t would take a lot more pages than Plaintiff is allowed for this response to provide an explanation of how each section and paragraph connects to her causes of action." (Doc. 36 at 10). This is precisely the problem with Plaintiff's pleading. Her statement of the case, as she admits, is neither short nor plain. *See Plain*, Black's Law Dictionary (12th ed. 2024) (defining "plain" as "[c]lear and unobstructed," "[e]xceedingly easy to understand or recognize," and "[i]n clear and simple words, without technicalities; unambiguously straightforward"); *Olson v. Takeda Pharms. Am., Inc.*, No. 8:23-cv-590, 2023 WL 8254354, at *3 (M.D. Fla. Nov. 29, 2023); *Menashe v. Jaoude*, No. 22-22220-Civ, 2023 WL 7385602, at *1–2 (S.D. Fla. Nov. 8, 2023).

Nevertheless, while the Second Amended Complaint, like Plaintiff's prior pleadings, could certainly benefit from significant refinement, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Despite its many shortcomings and excessive overinclusion, Plaintiff's Second Amended Complaint gives Defendant adequate notice of her claims and is not virtually impossible to understand. In

its current iteration, the pleading makes it clear that Plaintiff is seeking relief for the denial of the promotion to full time professor and for the existence of a hostile work environment at FAMU Law. Simply put, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.* at 1324; *see also Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019); *Hum. Rts. Def. Ctr. v. Inch*, No. 21-81391-CV, 2022 WL 19486385, at *3 (S.D. Fla. Mar. 24, 2022). Therefore, the Court will deny Defendant's Motion to the extent it seeks dismissal.

In the alternative, Defendant moves to strike any allegations of conduct that occurred more than 300 days before the filing of Plaintiff's EEOC charge. However, as Plaintiff points out, Defendant fails to state how such allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Schmidt*, 289 F.R.D. at 358 (quotation omitted); *see also Harris v. Pub. Health Tr. of Mia.-Dade Cnty.*, 82 F.4th 1296, 1303 (11th Cir. 2023); *Johnson v. Bennett Auto Supply, Inc.*, 319 F. Supp. 3d 1278, 1286 & n.2 (S.D. Fla. 2018). Additionally, Defendant only argues that the allegations are not relevant to Plaintiff's failure to promote claims but fails to address Plaintiff's hostile work environment claims. *See Harris*, 82 F.4th at 1303. Consequently, Defendant's alternative request to strike will also be denied.

## IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** that Defendant's Opposed Motion to Dismiss With Prejudice, or in the Alternative, Motion to Strike (Doc. 35) is **DENIED**. Defendant shall file an answer to the Second Amended Complaint (Doc. 34) on or before **September 23, 2024**.

**DONE AND ORDERED** in Orlando, Florida on September 9, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record