# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARITZA REYES,**

      **Plaintiff,**

v.                                                                                       Case No: 6:22-cv-1525-WWB-DCI

**FLORIDA A&M UNIVERSITY BOARD**
**OF TRUSTEES (FAMU),**

      **Defendant.**

___

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses. Doc. 112 (the Motion). As an initial matter, the Court finds that the Motion is due to be denied because Plaintiff did not comply with Local Rule 3.01(g) and the Case Management Scheduling Order (CMSO). Pursuant to Local Rule 3.01(g), a movant must confer with the opposing party in a good faith effort to resolve the motion. The Court explains in the CMSO that:

> The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and **does not envision an exchange of ultimatums** by fax, letter, or e-mail.

Doc. 26 at 4 (emphasis added).

Defendant represents that on October 14, 2024, Plaintiff sought to confer with Defendant's counsel regarding the Motion and, in response, Defendant's counsel "suggested the potential amendment of defenses to provide additional information and cure objections." Doc. 122 at 2. Plaintiff, in turn, demanded that the amended document be produced that day. *Id*. at 3. Since Defendant's counsel could not meet that deadline, counsel advised Plaintiff that the "motion was opposed at that time." *Id*. Even so, Defendant's counsel states that she proceeded to "reach out to

Plaintiff to continue the Parties' conferrals regarding amending the affirmative defenses to cure objections, and on October 25, 2024, Defendant provided Plaintiff with a proposed Amended Answer and Affirmative Defenses for consideration." *Id*. Plaintiff, however, has apparently "refused to advise Defendant as to whether the proposed revised Answer and Affirmative Defenses would remedy the alleged deficiencies set forth in the Motion to Strike." *Id*.

The Court does not deem this exchange to be a "good faith effort." Even if the Motion was due on October 15, 2024—Plaintiff contends that her deadline to move to strike the Answer and Affirmative Defendants was October 15, 2024—waiting until the eleventh hour to confer and giving counsel an ultimatum regarding an immediate deadline to amend does not comply with the spirit of the Local Rule or the CMSO.

Further, Defendant was clearly willing to work with Plaintiff to resolve her objections even after she filed the Motion. As a result, it is unclear what issues, if any, would remain for the Court's attention had Plaintiff responded to Defendant's efforts. Accordingly, the Motion is perhaps moot at least in part. So, not only has Plaintiff violated the Local Rules and Order of this Court, her delay regarding the conferral[1] and apparent rejection of Defendant's offer to resolve the issue requires the Court to expend resources where judicial intervention was possibly not needed.[2] The Court takes a dim view of such conduct.

---

[1] The Court recognizes that there were hurricanes in Florida after Defendant filed the Answer and before Plaintiff's October 15, 2024 deadline, and Plaintiff has pointed to those events to explain the time-sensitive nature of at least one filing. Doc. 110 at 4-6; Doc. 112 at 7. Even so, the hurricanes or other personal matters do not explain Plaintiff's failure to respond to Defendant's continued efforts to resolve this matter without Court intervention.

[2] Even though Defendant contends that the affirmative defenses are sufficient, it alternatively requests that it should be allowed to amend the pleading to provide additional factual information as it offered during the conferral. Doc. 122 at 5.

Also, with respect to the merits of the Motion, requests to strike affirmative defenses are disfavored. Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). With respect to affirmative defenses, "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) ("Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered as 'time wasters[.]'") (citation omitted). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (M.D. Fla. 2011) (citation omitted).

Here, Plaintiff seeks to strike all 13 of Defendant's Affirmative Defenses as insufficient and inappropriate, and Plaintiff requests that claims of lack of knowledge should be deemed

admitted. Doc. 112 at 3 to 4. Plaintiff also argues that the Court should strike the defenses as she "will be severely prejudiced because Plaintiff, at this point in the case, cannot conduct discovery or file a motion for summary judgment." *Id*. at 6.

With respect to any challenge based on sufficiency, the Court finds that Defendant's defenses put Plaintiff on adequate notice. Also, upon review of the defenses, the Court finds that they are not "patently frivolous" nor are they "clearly invalid as a matter of law." To the extent Plaintiff contends that Defendant's defenses based on lack of knowledge are "inappropriate" because Defendant admitted facts that would undermine that assertion (*See* Doc. 112 at 4), the Court is not convinced that such defenses are insufficient as a matter of law.

Also, Plaintiff's blanket assertion regarding prejudice does not persuade the Court that she is entitled to relief. While discovery is closed and Defendant has filed summary judgment, the Court does not agree that it should strike all defenses across the board because Plaintiff cannot obtain additional information through the discovery process.

Further, the Court agrees with Defendant that to the extent it incorrectly labeled a denial as an affirmative defense, the remedy is not to strike the defense but to treat it as a denial. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008) (declining to strike the defendant's defense and instead treating it as a denial) (citing *Home Mgmt., Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)).

Finally, the Court notes that Plaintiff seems to challenge Defendant's statement that it reserves "the right to assert additional or other defenses or matters in avoidance after discovery progresses in this case." Doc. 112 at 6; Doc. 97 at 33. It is not clear, but to the extent Plaintiff seeks to strike this statement, the Court is not inclined to grant relief. *See Traderplanet.com, LLC*

*v. Foundation for the Study of Cycles, Inc.*, 2014 WL 12620823, at *1 (M.D. Fla. May 22, 2014) ("[I]f the Court were to entertain motions to strike a defense that merely reserves a party's right to assert additional defenses, the Court would be inundated with frivolous motions because these 'reservation of rights to bring additional defenses' are frequently included in a defendant's answer. In other words, the Court's resources should not be wasted on such nominal issues.").

In sum, the Motion is due to be denied because Plaintiff has failed to comply with the Local Rules and the Court's Order and because Plaintiff has not demonstrated that the drastic remedy of striking the pleading is warranted.

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 112) is **DENIED**.

**ORDERED** in Orlando, Florida on November 4, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties