**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARITZA REYES,

        Plaintiff,

v.                                                                              Case No.: 6:22-cv-1525-WWB-DCI

FLORIDA A&M UNIVERSITY BOARD OF
TRUSTEES (FAMU),

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Time-Sensitive Motion for Reconsideration ("**Motion for Reconsideration**," Doc. 130). Therein, Plaintiff seeks reconsideration of the Court's November 1, 2024 Order (Doc. 124) denying the Plaintiff's Time-Sensitive Motion to Replace Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment with Plaintiff's Corrected Response in Opposition to Defendant's Motion for Summary Judgment and for the Court to Accept Plaintiff's Declaration ("**Motion to Replace**," Doc. 102). For the reasons set forth below, the Motion will be denied.

**I.     BACKGROUND**

On February 13, 2023, the Court issued a Case Management and Scheduling Order ("**CMSO**," Doc. 26) in this case. As is relevant to the instant Motion, the CMSO provides that dispositive motions were due by July 2, 2024, and that a party may respond to a motion for summary judgment within thirty days after services of the motion. (*Id.* at 1, 6). Defendant timely filed its Motion for Final Summary Judgment (Doc. 76). On her unopposed motions, Plaintiff was granted three extensions of time to respond to the Motion. (Doc. Nos. 79, 80,

82, 83, 87, 89). Plaintiff filed her summary judgment Response (Doc. 91) on August 19, 2024, and Defendant filed its Reply (Doc. 93) on September 3, 2024.

Nearly one month later, after briefing was complete, Plaintiff then filed the Motion to Replace on October 2, 2024, asking the Court for leave to replace the Response with a corrected version thereof (the "**Corrected Response**") and to file accompanying supporting evidence. On November 1, 2024, the Court denied the Motion to Replace. In so doing, the Court found that Plaintiff had failed to establish her diligence in attempting to comply with applicable deadlines, and therefore could not show the good cause necessary to support an extension of time under Federal Rule of Civil Procedure 6(b)(1)(B). (Doc. 124 at 3); *see also Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect."). Plaintiff now asks the Court to reconsider its November 1, 2024 Order, arguing that relief therefrom is necessary to avoid manifest injustice.

## II.     LEGAL STANDARD

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497

2

F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

### III. DISCUSSION

Plaintiff first seeks reconsideration on the basis that the Court failed to consider whether the interests of justice warranted granting the Motion to Replace, notwithstanding the Court's finding that Plaintiff had not shown the diligence necessary to support a finding of good cause. However, Plaintiff already raised this argument in the Motion to Replace. (Doc. 102 at 16–17). It therefore amounts to no more than disagreement with the Court's conclusions in the Court's November 1, 2024 Order and a plain attempt to "relitigate[ ] what has already been found lacking." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted).

Next, Plaintiff argues reconsideration is appropriate because the Court failed to adequately account for how a medical emergency affected her ability to diligently comply with applicable deadlines. (Doc. 130 at 10–14). Insofar as Plaintiff repeats arguments previously raised, those arguments are not properly before the Court. *Scelta*, 89 F. Supp.

3

2d at 1320. Likewise, to the extent that Plaintiff raises new arguments in the instant Motion, those arguments are inappropriate on a motion for reconsideration. *Id.*

Even on the merits, however, Plaintiff's argument fails. The Court again acknowledges that Plaintiff's medical emergency was beyond her control. However, it is undisputed that Plaintiff was well aware of the applicable deadlines and that Plaintiff knew how to properly request an extension of time. It is equally undisputed that rather than move for an emergency extension of time, Plaintiff made the "emergency decision" to file the Response without supporting evidence. In the Motion to Replace, Plaintiff fails to explain why filing the Response was possible while seeking an extension of time was not. Nor did Plaintiff explain why she continued to work on the Corrected Response in lieu of filing the Motion to Replace as quickly as possible. In addition, the Motion to Replace fails to note, much less explain, why three declarations purporting to support the Corrected Response were dated *after* both the summary judgment response deadline *and* the filing of Defendant's Reply. (Doc. 107-2 at 11, 17, 21). The Court found that these gaps in the Motion to Replace precluded a finding of diligence, and nothing in the instant Motion convinces the Court to reconsider that conclusion.

Plaintiff also contends that the Court erred in its conclusion that granting the Motion to Replace would cause prejudice to Defendant. To some extent, however, Plaintiff again repeats arguments already raised in the Motion to Replace. Such repetitive arguments are not properly before the Court on a motion for reconsideration. *Scelta*, 89 F. Supp. 2d at 1320. Otherwise, Plaintiff raises arguments and authority not cited in the Motion to Replace. Because Plaintiff has "no right to raise new theories or arguments in a motion for

4

reconsideration," the Court likewise declines to address the remainder of Plaintiff's arguments on this point. *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted).

Plaintiff finally contends that the Court should grant reconsideration because Plaintiff is representing herself *pro se*[1] and the Court should not resolve the pending Motion for Summary Judgment without the evidence in Plaintiff's supporting declarations. Yet again, Plaintiff only repeats arguments already asserted in the Motion to Replace and thus fails to "present new facts or law of a strongly convincing nature" sufficient to warrant reconsideration under Rule 60(b)(3). *Lomax v. Ruvin*, 476 F. App'x 175, 177 (11th Cir. 2012); *see also Simon v. Taylor*, No. 8:13-cv-593-T, 2013 WL 9235654, at *1 (M.D. Fla. July 15, 2013) (denying reconsideration where movant "merely repeate[d] arguments that have been rejected and provide[d] no new grounds upon which reconsideration would be appropriate").

At any rate, the Court has made significant allowances in light of Plaintiff's *pro se* status. Indeed, Plaintiff has been granted six extensions of time for various deadlines, (Doc. Nos. 9, 11, 24, 25, 32, 33, 79, 80, 82, 83, 87, 89), in addition to leave to reply in support of two of Plaintiff's motions, (Doc. Nos. 58, 59, 61, 62). One extension came even though the Court noted that Plaintiff had not demonstrated good cause. (Doc. 33). Further, Plaintiff failed to diligently engage in discovery, inexplicably waiting more than one year after the discovery deadline was set to begin scheduling depositions. (Doc. 72 at 4–5). In total, the Court has found that Plaintiff failed to diligently litigate this case on three separate occasions. (Doc. Nos. 72, 124, 125). Despite her *pro se* status, Plaintiff is obligated to comply with all

---

[1] Plaintiff has been licensed to practice law in Florida since January 19, 2001. Member Profile, The Florida Bar, https://www.floridabar.org/directories/find-mbr/profile/?num=459951 (last visited Dec. 10, 2024).

applicable rules and Court orders.  The Motion does not persuade the Court to revisit its conclusion that Plaintiff failed to diligently do so.

IV.     **CONCLUSION**

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Plaintiff's Time-Sensitive Motion for Reconsideration (Doc. 130) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on December 10, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

6