UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARITZA REYES,

        Plaintiff,

v.                                         Case No.: 6:22-cv-1525-WWB-DCI

FLORIDA A&M UNIVERSITY BOARD
OF TRUSTEES (FAMU),

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Summary Final Judgement (Doc. 76), Plaintiff's Response in Opposition (Doc. 91), and Defendant's Reply (Doc. 93). For the reasons set forth below, the Motion will be granted.

**I.   BACKGROUND**

Plaintiff, a Latina woman, accepted a position as an assistant professor of law at the Florida A&M University College of Law ("**FAMU Law**") in March 2009. (Doc. 34, ¶¶ 4, 25–26). Plaintiff alleges that she was the first Hispanic person hired in a tenure-track position at FAMU Law and the first to apply for tenure. (*Id.* ¶¶ 25, 36). Plaintiff alleges that she applied for tenure on September 12, 2014, and was subjected to a variety of unfair and improper conduct by members of the reviewing committee based on her race. (*See generally id.* ¶¶ 33–77). On April 24, 2015, Plaintiff submitted a complaint alleging discrimination and retaliation on the basis of race, color, national origin, and sex to the Office of Equal Opportunity Programs against the members of the tenure committee, which was dismissed after an investigation. (*Id.* ¶¶ 73–74). Although members of the

tenure committee recommended that Plaintiff be denied tenure, she was granted tenure on June 10, 2015. (*Id.* ¶¶ 75–77). Plaintiff subsequently applied for a promotion to full professor in 2018. (*Id.* ¶ 161). Ultimately, Defendant denied Plaintiff the promotion and communicated that decision in a letter dated July 24, 2019, and directed to Plaintiff at the College of Law. (Doc. 75-3 at 347). Plaintiff alleges that the process was again fraught with discrimination and irregularities. (*See generally* Doc. 34, ¶¶ 159–180). Additionally, Plaintiff alleges generally that she has been subjected to ongoing race and gender-based hostilities since she began her employment at FAMU Law. (*See generally id.*). Plaintiff raised these allegations in a Charge of Discrimination filed with the United States Equal Employment Opportunity Commission ("**EEOC**") on May 29, 2020. (Doc. 75-3 at 350–353). Plaintiff then brought the instant suit, alleging claims for discrimination, hostile work environment, and retaliation on the basis of race, color, national origin, and gender in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. § 2000e *et seq.* (Doc. 34, ¶¶ 232–303).

## II.     LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306,

1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

### III.  DISCUSSION

As a preliminary matter, Defendant argues in its Reply that Plaintiff has failed to respond to its Statement of Material Facts, and therefore the Court may consider those facts undisputed in resolving the instant Motion. As the movant, Defendant bears the initial burden of "showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen*, 495 F.3d at 1313–14. Plaintiff then must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (quotation omitted). Where the nonmovant fails to do so, the Court may consider the movant's asserted facts undisputed. *See Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-

3

61304-CV, 2024 WL 999453, at *2 (S.D. Fla. Mar. 5, 2024) ("When a party fails to respond to a Motion for Summary Judgment and Statement of Undisputed Facts, Fed. R. Civ. P. 56(e) provides that the court may 'grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.'" (quoting Fed. R. Civ. P. 56(e))); *see also Atlanta Gas Light Co. v. UGI Utils., Inc.*, 463 F.3d 1201, 1208 n.11 (11th Cir. 2005) ("Neither the district court nor this court has an obligation to parse a summary judgment record to search out facts or evidence not brought to the Court's attention.").

      Defendant is correct that Plaintiff's Response does not dispute the Statement of Material Facts contained in the Motion with citation to record evidence. Indeed, the Response contains few citations to the record at all. Further, Plaintiff's assertion that the Second Amended Complaint (Doc. 34) "provides a sufficient factual showing for Plaintiff's claims to survive summary judgment" is unavailing. (Doc. 91 at 3); *see Celotex Corp.*, 477 U.S. at 324 ("Rule 56(e) . . . requires the nonmoving party to *go beyond the pleadings* and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." (emphasis added); *see also Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658 (11th Cir. 1984) ("The party adverse to the movant for summary judgment cannot rest on his pleadings to present an issue of fact."). Accordingly, to the extent that Plaintiff has failed to dispute Defendant's statement of facts or otherwise support her arguments with record evidence, the Court will treat the facts laid out in the Motion as undisputed.

### A. Timeliness of Plaintiff's Claims

Turning to the merits of the Motion, Defendant first argues that summary judgment is appropriate on Counts I, II, and III because Plaintiff failed to timely exhaust administrative remedies. Timely filing a charge of discrimination with the EEOC is a prerequisite to suit under Title VII. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). In Florida, A plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *Id.* at 1262–63. The Eleventh Circuit has held that "an adverse employment action is deemed to have occurred when the employer made the final decision and communicated it to the employee." *Liu v. Univ. of Mia. Sch. of Med.*, 138 F. Supp. 3d 1360, 1370 (S.D. Fla. 2015) (quoting *Thomas v. CVS/Pharmacy*, 336 F. App'x 913, 915 (11th Cir. 2009); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n.19 (11th Cir. 1996) ("[T]he time for filing an EEOC charge begins to run when the employee receives unequivocal notice of the adverse employment decision.").

Defendant contends that it notified Plaintiff of the denial of promotion by the July 24, 2019 letter. (Doc. 75-2 at 1, 5). Defendant accordingly argues that Plaintiff's May 29, 2020 Charge of Discrimination—filed 310 days after July 24, 2019—was untimely. While there is no dispute that the July 24, 2019 letter is "unequivocal notice" of Plaintiff's denial of promotion, Plaintiff responds that she did not receive the same until August 5, 2019. (Doc. 75-3 at 172:1–17; Doc. 91 at 7). The Court therefore finds that the record evidence shows a genuine dispute of material fact as to when Plaintiff received notice of her denial of promotion to full professor. Accordingly, the Court will deny summary judgment on the basis that Plaintiff's Charge of Discrimination was untimely. *See Stewart v. Booker T.*

*Washington Ins.*, 232 F.3d 844, 849 (11th Cir. 2000) ("[T]o require a plaintiff to file a discriminatory termination charge with the EEOC prior to the *receipt* of notice of termination would be to require a filing prior to the occurrence of the discriminatory conduct." (emphasis added)).

    **B.**    **Employment Action Discrimination**

Defendant next argues that Plaintiff has failed to produce evidence to support her claims for employment discrimination on the basis of race, color, national origin, and sex—Counts I, II, and III—related to her denial of promotion to full professor. In cases where, as here,[1] there is no direct evidence of discrimination, a burden-shifting framework applies to evaluate circumstantial evidence of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). First, Plaintiff must produce "sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion." *Williams v. Vitro Servs. Corp.*, 144 F.3d 1438, 1441 (11th Cir. 1998) (quotation omitted). To establish her prima facie case, Plaintiff must prove that (1) she was a member of a protected class; (2) she was qualified for or adequately performed her position; (3) she suffered an adverse employment action; and (4) similarly situated employees outside of her protected class were treated more favorably than she was. *See Knight v. Baptist Hosp. of Mia., Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003).

If Plaintiff produces sufficient evidence to support an inference that her denial of promotion was motivated by unlawful animus, the burden then shifts to Defendant to articulate legitimate and nondiscriminatory reasons for the employment action. *See*

---

[1] Plaintiff contends that she has direct evidence that her denial of promotion was motivated by unlawful animus but fails to identify any such evidence in the record.

6

*Castillo v. Roche Labs, Inc.*, 467 F. App'x 859, 862–63 (11th Cir. 2012). This would require Defendant to produce evidence that would allow the jury to rationally conclude that the employment action was not motivated by discriminatory animus. *See Tex. Dep't of Cmty Affs. v. Burdine*, 450 U.S. 248, 253–54 (1981). The burden then shifts back to Plaintiff to prove that Defendant's proffered nondiscriminatory reason is pretextual and that the actual reason for the adverse employment action was discrimination. *Brown v. City of Opelika*, 211 F. App'x 862, 863–64 (11th Cir. 2006).

There is no dispute that Plaintiff belongs to a protected class with respect to each of her claims for employment discrimination or that her denial of promotion was an adverse employment action. Defendant instead argues that summary judgment is appropriate on Counts I, II, and III because Plaintiff has failed to point to any evidence of actual discriminatory intent or motive.

The Court finds that Plaintiff has failed to establish a prima facie case of employment discrimination. Plaintiff's Response contains only argument that her denial of promotion was motivated by discriminatory animus, without citation to *any* record evidence for support. Similarly, although Plaintiff does name several individuals she contends are "similarly situated" comparators, she fails entirely to explain, with citation to the record, how they qualify as "similarly situated" and how they were treated more favorably. Without record support, Plaintiff necessarily cannot produce "sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion." *Williams*, 144 F.3d at 1441 (quotation omitted). Accordingly, Plaintiff's claims for employment discrimination fail at the outset.

Even assuming that Plaintiff could establish a prima facie case of discrimination, the Court further finds that Defendant has articulated a nondiscriminatory reason for the denial of promotion. *See Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983) ("[T]he defendant's burden of rebuttal is exceedingly light; 'the defendant need not persuade the court that it was actually motivated by the proffered reasons . . . it is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" (quoting *Tex. Dep't of Cmty Affs.*, 450 U.S. at 254–55)). Specifically, Defendant points to a committee report recommending against Plaintiff's promotion because Plaintiff had failed to meet the standard for production of scholarship. (Doc. 75-3 at 340–343). Provost Maurice Edington, the final decisionmaker with respect to Plaintiff's denial of promotion, articulated this same reason to Plaintiff when explaining the reasons for her denial of promotion. (Doc. 75-2 at 1, 6).

The Court finds that this is a legitimate, nondiscriminatory reason for Plaintiff's denial of promotion, and sufficient to satisfy Defendant's "exceedingly light" burden of rebuttal. *Perryman*, 698 F.2d at 1142; *see also Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020) ("An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." (quotation omitted)). Moreover, apart from several conclusory comments, Plaintiff has failed to develop and support any argument that this reason is pretextual. Any such argument is thus waived. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting

8

that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived); *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

Finally, Plaintiff argues that a Title VII plaintiff who cannot satisfy the *McDonnell Douglas* burden shifting framework may still prove her case with what the Eleventh Circuit has called a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946 (11th Cir. 2023) (quotation omitted). "A convincing mosaic of circumstantial evidence is simply enough evidence for a reasonable factfinder to infer intentional discrimination in an employment action—the ultimate inquiry in a discrimination lawsuit." *Id.* at 947 (quotations omitted); *see also Equal Emp. Opportunity Comm'n v. Exel, Inc.*, 884 F.3d 1326, 1329 (11th Cir. 2018) ("A plaintiff can prove sex discrimination under Title VII by showing that her sex was a motivating factor for any employment practice, even though other factors also motivated the practice." (quotations omitted)).

Under any standard or procedural framework, however, Plaintiff's claims cannot survive summary judgment. As noted above, Provost Edington has disclaimed any discriminatory intent. Further, the committee that evaluated Plaintiff for promotion articulated a legitimate reason for its recommendation of denial. Although Plaintiff contends that she has a "convincing mosaic" of evidence in addition to "mixed-motive" evidence showing otherwise, she does not point to any such evidence, direct or circumstantial, in the record. Plaintiff accordingly fails to create any genuine dispute of material fact, and there is no basis upon which a reasonable jury could infer that

9

Defendant's failure to promote Plaintiff was motivated by unlawful discriminatory animus. Summary judgment is appropriate on Plaintiff's claims for employment discrimination in Counts I, II, and III.

### C.     Hostile Work Environment Harassment

Defendant next seeks summary judgment on Plaintiff's hostile work environment claims under Title VII, alleged in Counts IV, V, and VI. An employer may be liable for unlawful discrimination against an employee through the "creation of a hostile work environment caused by . . . harassment that is sufficiently severe or pervasive to alter the terms and conditions of work." *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1300 (11th Cir. 2007). To establish her claims for hostile work environment, Plaintiff must show that: (1) she belongs to a protected class; (2) she was subject to unwelcome harassment; (3) the harassment was based on her race, color, or sex; (4) the "harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) "a basis for holding the employer liable." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999).

Defendant first contends that Plaintiff's claims for hostile work environment are untimely. As noted above, prior to bringing suit under Title VII, Plaintiff was first required to file a charge of discrimination within 300 days of the discriminatory acts alleged therein. *See Maynard*, 256 F.3d at 1262–63. With respect to claims of harassment, a Court may consider a series of untimely harassing conduct, provided that such conduct is "part of the same actionable hostile work environment practice, and . . . any act falls within the statutory time period." *Jimerson v. Int'l Longshoremen's Ass'n, Local 1423*, No. Civ.A. CV205-101, 2005 WL 3533044, at *16 (S.D. Ga. Dec. 22, 2005) (quotation omitted). "A

10

series of harassing conduct comprises the same hostile work environment where the 'pre- and post-limitations period incidents involve[d] the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers.'" *Jones v. Allstate Ins. Co.*, 707 F. App'x 641, 647 (11th Cir. 2017) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002)).

Plaintiff filed her Charge of Discrimination on May 29, 2020. (Doc. 75-3 at 350). Accordingly, only acts of discriminatory harassment occurring on or after August 3, 2019, are timely. Although Plaintiff's charge of discrimination alleges a series of discriminatory incidents stretching back to 2010, the Court notes that these incidents seemed to occur only rarely over a span of more than ten years. (*Id.* at 350–351). Further, the charge of discrimination alleges insulting comments, a "sham" dismissal of Plaintiff's discrimination charge with Defendant, and accusations related to the performance of Plaintiff's job duties. Each of these actions is alleged to have been perpetrated by different individuals, some Plaintiff's colleagues, some her supervisors. The Court accordingly finds that these allegations involve disparate discriminatory acts, committed infrequently, and by different individuals. Therefore, the incidents alleged before August 3, 2019 are not "part of the same actionable hostile work environment practice" and are thus untimely. *Jimerson*, 2005 WL 3533044, at *6. The Court will accordingly not consider evidence of any such incidents in evaluating Plaintiff's claims for hostile work environment.

On the merits, Defendant argues that Plaintiff's claims for hostile work environment fail because the alleged harassment is not sufficiently "severe or pervasive." *Mendoza*, 195 F.3d at 1245. Title VII is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quotation omitted). In fact, "Title VII does not prohibit all verbal

11

or physical harassment in the workplace[.]" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). "[T]he ordinary tribulations of the workplace, such as the sporadic use of abusive language, [race]-related jokes, and occasional teasing[,]" do not violate the law. *Faragher*, 524 U.S. at 788 (quotation omitted). Instead, "Title VII prohibits only the type of severe or pervasive [ ] harassment that 'alter[s] the conditions of the victim's employment.'" *Johnson*, 234 F.3d at 509 (quoting *Oncale*, 523 U.S. at 81). In evaluating whether harassing conduct is severe or pervasive, courts must consider the "totality of the circumstances," looking to four factors: (1) frequency, (2) severity, (3) whether the conduct is physically threatening or humiliating, and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza*, 195 F.3d at 1246. Plaintiff's subjective perception of harassment as severe or pervasive "must be objectively reasonable." *Id.* "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* (quoting *Oncale*, 523 U.S. at 81).

Considering the totality of the circumstances presented in the summary judgment record, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claims. First, it is undisputed that Plaintiff was never subjected to physically threatening conduct, cutting against the severity of the alleged harassment. Second, the record shows that any harassing conduct or behavior was too infrequent or sporadic to be considered pervasive. Plaintiff cites no record evidence to refute these conclusions. Further, the harassing conduct Plaintiff alleges—again, without record support—simply does not rise to the level of severity necessary to alter the conditions of Plaintiff's employment. *See, e.g.*, *Barrow v. Ga. Pac. Corp.*, 144 F. App'x 54, 57 (11th Cir. 2005)

(affirming summary judgment for employer where African American plaintiff was repeatedly called racial slurs and occasionally subjected to other racially threatening conduct). Finally, Plaintiff points to no evidence that any of the alleged harassing conduct "unreasonably interfere[d] with [her] job performance." *Mendoza*, 195 F.3d at 1246. Because Plaintiff has failed to set forth any evidence showing there is a genuine dispute of material fact as to the severity and pervasiveness of the alleged harassment, the Court finds that summary judgment for Defendant on Counts IV, V, and VI is appropriate.

### D. Retaliation

Defendant finally argues that it is entitled to summary judgment on Plaintiff's retaliation claim, alleged in Count VII. Under Title VII's anti-retaliation provision, an employer cannot retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish retaliation, Plaintiff must show: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse action. *Howard v. Walgreen* Co., 605 F.3d 1239, 1244 (11th Cir. 2010).

Defendant argues summary judgment is appropriate because Plaintiff has failed to establish a causal connection between her protected activity and an adverse employment action. Plaintiff alleges that she filed multiple formal complaints with Defendant regarding "unequal treatment, discrimination, and bias"—in addition to similar informal statements—and that Defendant subjected Plaintiff to a "pattern of retaliatory conduct." (Doc. 34, ¶¶ 301–302). However, Plaintiff fails to identify *any* instances of such retaliatory conduct

13

or to cite to the same in the record. Nor does Plaintiff explain the causal connection between the alleged "retaliatory harassment" and an adverse employment action. Without any evidence of the alleged pattern of retaliatory conduct or a causal link to her complaints, Plaintiff's claim for retaliation cannot survive summary judgment. *See DeBose v. USF Bd. of Trs.*, 811 F. App'x 547, 557 (11th Cir. 2020) (affirming judgment as a matter of law against the plaintiff for failure to present evidence establishing causation between complaints of discrimination and the plaintiff's termination). Accordingly, Defendant's Motion will be granted as to Count VII.

## IV.    CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Summary Final Judgement (Doc. 76) is **GRANTED in part** as set forth herein and **DENIED** in all other respects.
2. The Clerk is directed to enter judgment in favor of Defendant, and against Plaintiff, on each of her claims.
3. Thereafter, the Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on January 10, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party