# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

Elizabeth M. Warren                                                    Shameeka Olden
Clerk of Court                                                    Tampa Division Manager

**DATE:** February 11, 2025

**TO:**    Clerk, U.S. Court of Appeals for the Eleventh Circuit

MARITZA REYES,

      Appellant,

v.                                                    Case No: 6:22-cv-01525-WWB-DCI

FLORIDA A&M UNIVERSITY BOARD
OF TRUSTEES (FAMU),

      Defendant.

---

**U.S.C.A. Case No.:**        **UNKNOWN**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Wendy W. Berger, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

- Court Reporter:   Heather Suarez
                    Suzanne L. Trimble
                    Digital

ELIZABETH M. WARREN, CLERK

By:    s/L. Silvia, Deputy Clerk

APPEAL,CLOSED,MEDIATION

# U.S. District Court
## Middle District of Florida (Orlando)
## CIVIL DOCKET FOR CASE #: <u>6:22–cv–01525–WWB–DCI</u>

Reyes v. Florida A&M University Board of Trustees

Assigned to: Judge Wendy W. Berger

Referred to: Magistrate Judge Daniel C. Irick

Cause: 28:1331 Fed. Question: Employment Discrimination

Date Filed: 08/25/2022

Date Terminated: 01/13/2025

Jury Demand: Plaintiff

Nature of Suit: 442 Civil Rights: Jobs

Jurisdiction: Federal Question

**Plaintiff**

**Maritza Reyes**                represented by    **Maritza I. Reyes**
Maritza Reyes, ESQ.
P.O. Box 5102
Winter Park, FL 32793
305–308–8200
Email: mreyesclaim@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Florida A&M University Board of**    represented by    **Sarah P. L. Reiner**
**Trustees (FAMU)**                                  GrayRobinson, PA
301 E Pine St Ste 1400
Orlando, FL 32801
407/843–8880
Fax: 407/244–5690
Email: sarah.reiner@gray–robinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie Zolty**
GrayRobinson, P.A.
301 E. Pine Street
Suite 1400
Orlando, FL 32801
407–204–3195
Email: julie.zolty@gray–robinson.com
*ATTORNEY TO BE NOTICED*

**Richard E. Mitchell**
GrayRobinson, P.A.
Legal
301 East Pine Street
Suite 1400
Orlando, FL 32801
407–843–8880

1

Email: rmitchell@gray−robinson.com
*ATTORNEY TO BE NOTICED*

**Susan T. Spradley**
GrayRobinson, PA
301 E Pine St Ste 1400
Orlando, FL 32801
407/843−8880
Fax: 407/244−5690
Email: susan.spradley@gray−robinson.com
*TERMINATED: 08/12/2024*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/25/2022 | 1 | COMPLAINT against Florida A&M University Board of Trustees with Jury Demand (Filing fee $402 receipt number AFLMDC−19927837) filed by Maritza Reyes. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Reyes, Maritza) (Entered: 08/25/2022) |
| 08/25/2022 | 2 | NEW CASE ASSIGNED to Judge Wendy W. Berger and Magistrate Judge Embry J. Kidd. New case number: 6:22−cv−1525−WWB−EJK. (SJB) (Entered: 08/25/2022) |
| 08/26/2022 | 3 | SUMMONS issued as to Florida A&M University Board of Trustees (FAMU). (SRD) (Entered: 08/26/2022) |
| 08/26/2022 | 4 | **ORDER of Recusal. Signed by Magistrate Judge Embry J. Kidd on 8/26/2022. (Kidd, Embry)** (Entered: 08/26/2022) |
| 08/26/2022 | 5 | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules become effective February 1, 2021 and can be found on the Court's public website https://www.flmd.uscourts.gov/local−rules. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Wendy W. Berger on 8/26/2022. (RMF)** (Entered: 08/26/2022) |
| 08/26/2022 | 6 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (RMF) (Entered: 08/26/2022) |
| 08/26/2022 | 7 | Case Reassigned to Magistrate Judge Daniel C. Irick. New case number: 6:22−cv−1525−WWB−DCI. Magistrate Judge Embry J. Kidd no longer assigned to the case. (RPB) (Entered: 08/26/2022) |

| | | |
|---|---|---|
| 09/01/2022 | 8 | **ORDER: The Complaint 1 is DISMISSED without prejudice. Plaintiff may file an amended complaint on or before September 8, 2022, to correct the deficiencies noted herein. Failure to timely file an amended pleading in compliance with this Order may result in the dismissal of this case without further notice. Signed by Judge Wendy W. Berger on 9/1/2022. (RMF)** (Entered: 09/01/2022) |
| 09/02/2022 | | Set deadlines: Amended Complaint due by 9/8/2022 (KNC) (Entered: 09/02/2022) |
| 09/08/2022 | 9 | Time−Sensitive MOTION for Extension of Time to Amend re 8 Order to file amended complaint, by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. Modified on 9/8/2022 to edit docket text (KNC). (Entered: 09/08/2022) |
| 09/12/2022 | 10 | AMENDED COMPLAINT against Florida A&M University Board of Trustees (FAMU) with Jury Demand. filed by Maritza Reyes.(Reyes, Maritza) (Entered: 09/12/2022) |
| 09/15/2022 | 11 | **ENDORSED ORDER granting 9 Time−Sensitive Motion to Extend Time to File Amended Complaint, the Court will accept the 10 Amended Complaint as filed. Signed by Magistrate Judge Daniel C. Irick on 9/15/2022. (Irick, Daniel)** (Entered: 09/15/2022) |
| 12/06/2022 | 12 | NOTICE of Appearance by Richard E. Mitchell on behalf of Florida A&M University Board of Trustees (FAMU) (Mitchell, Richard) (Entered: 12/06/2022) |
| 12/06/2022 | 13 | Unopposed MOTION for Extension of Time to File Answer re 10 Amended Complaint by Florida A&M University Board of Trustees (FAMU). (Mitchell, Richard) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 12/06/2022) |
| 12/07/2022 | 14 | NOTICE of Appearance by Susan T. Spradley on behalf of Florida A&M University Board of Trustees (FAMU) (Spradley, Susan) (Entered: 12/07/2022) |
| 12/07/2022 | 15 | NOTICE of Appearance by Julie Zolty on behalf of Florida A&M University Board of Trustees (FAMU) (Zolty, Julie) (Entered: 12/07/2022) |
| 12/11/2022 | 16 | **ENDORSED ORDER granting 13 Unopposed Motion for Extension of Time. Florida A&M University Board of Trustees (FAMU) must respond to the Amended Complaint by 1/23/2023. Signed by Magistrate Judge Daniel C. Irick on 12/11/2022. (Irick, Daniel)** (Entered: 12/11/2022) |
| 01/04/2023 | 17 | RETURN of service on 11/18/2022 as to Florida A&M University Board of Trustees by Maritza Reyes (Attachments: # 1 Affidavit Additional Proof of Service of Process)(Reyes, Maritza) Modified on 1/4/2023 to edit docket text (KNC). (Entered: 01/04/2023) |
| 01/20/2023 | 18 | CERTIFICATE of interested persons and corporate disclosure statement by Maritza Reyes. (Reyes, Maritza) (Entered: 01/20/2023) |
| 01/20/2023 | 19 | NOTICE of a related action per Local Rule 1.07(c) by Florida A&M University Board of Trustees (FAMU). Related case(s): Yes (Spradley, Susan) (Entered: 01/20/2023) |
| 01/20/2023 | 20 | CORPORATE Disclosure Statement by Florida A&M University Board of Trustees (FAMU). (Spradley, Susan) (Entered: 01/20/2023) |
| 01/20/2023 | 21 | |

| | | |
|---|---|---|
| | | **WRONG PDF ATTACHED** CASE MANAGEMENT REPORT. (Spradley, Susan) Modified on 1/23/2023 to edit docket text (KNC). (Entered: 01/20/2023) |
| 01/20/2023 | 22 | First MOTION to Dismiss *Amended Complaint* by Florida A&M University Board of Trustees (FAMU). (Spradley, Susan) (Entered: 01/20/2023) |
| 01/20/2023 | 23 | CASE MANAGEMENT REPORT. (Spradley, Susan) (Entered: 01/20/2023) |
| 01/30/2023 | 24 | Unopposed MOTION for Extension of Time to File Response/Reply as to 22 First MOTION to Dismiss *Amended Complaint* , MOTION to File Excess Pages by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 01/30/2023) |
| 01/30/2023 | 25 | **ENDORSED ORDER granting in part and denying in part 24 Plaintiff's Unopposed (In Part) Motion to Serve Omnibus Response to Defendant's Motions. On or before 2/13/2023, Plaintiff must respond to Defendant's 22 Motion. Cause has not been stated to file a 30–page response to the 10–page 22 Motion, and Plaintiff's interpretation of Local Rule 3.01 is incorrect––Plaintiff is permitted a single 20–page response to the 22 Motion. Signed by Magistrate Judge Daniel C. Irick on 1/30/2023. (Irick, Daniel)** (Entered: 01/30/2023) |
| 02/13/2023 | 26 | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings due by 4/28/2023 Joinder of Parties due by 4/28/2023 Discovery due by 5/31/2024 Dispositive motions due by 7/2/2024 Pretrial statement due by 11/4/2024 All other motions due by 10/2/2024 Plaintiff disclosure of expert report due by 4/2/2024 Defendant disclosure of expert report due by 5/2/2024 Trial Status Conference set for 11/12/2024 at 10:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger Jury Trial set for the December 2024 trial term commencing on 12/2/2024 at 09:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger. Conduct mediation hearing by 6/14/2024. Lead counsel to coordinate dates. Signed by Judge Wendy W. Berger on 2/13/2023. (RMF)** (Entered: 02/13/2023) |
| 02/13/2023 | 27 | CASE REFERRED to Mediation. Mediator: Travis R. Hollifield (KNC) (Entered: 02/13/2023) |
| 02/13/2023 | 28 | RESPONSE in Opposition re 22 First MOTION to Dismiss *Amended Complaint* filed by Maritza Reyes. (Reyes, Maritza) (Entered: 02/13/2023) |
| 08/15/2023 | 29 | NOTICE of Appearance by Sarah P. L. Reiner on behalf of Florida A&M University Board of Trustees (FAMU) (Reiner, Sarah) (Entered: 08/15/2023) |
| 09/15/2023 | 30 | **ORDER granting in part and denying in part 22 Motion to Dismiss. The Amended Complaint is dismissed without prejudice. On or before September 29, 2023, Plaintiff may file an amended pleading to correct the deficiencies noted in the Order. Signed by Judge Wendy W. Berger on 9/15/2023. (MDJ)** (Entered: 09/15/2023) |
| 09/18/2023 | 31 | NOTICE TO COUNSEL Maritza I. Reyes of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who – unless the party changes the designation – remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (AJS) (Entered: 09/18/2023) |
| 09/25/2023 | 32 | Time Sensitive MOTION for Extension of Time to File Second Amended Complaint by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. |

| | | Irick. (Entered: 09/25/2023) |
|---|---|---|
| 09/26/2023 | 33 | **ENDORSED ORDER granting 32 Time–Sensitive Unopposed Motion to Extend Time to File Second Amended Complaint. Plaintiff must file an amended pleading on or before 10/9/2023. However, the Court will not grant further extensions because Plaintiff failed to monitor her email account or had other work commitments, nor would the stated cause qualify as good cause to extend a CMSO deadline. See Fed.R.Civ.P. 16(b)(4). As with all pro se parties, the Court strongly encourages Plaintiff to obtain the assistance of counsel in this matter and cautions Plaintiff that she must comply with the rules and orders of this Court. Finally, Plaintiff is cautioned that a motion to extend a deadline does not toll the deadline at issue while the motion pends. Signed by Magistrate Judge Daniel C. Irick on 9/26/2023. (Irick, Daniel)** (Entered: 09/26/2023) |
| 10/09/2023 | 34 | SECOND AMENDED COMPLAINT against Florida A&M University Board of Trustees (FAMU) with Jury Demand. filed by Maritza Reyes.(Reyes, Maritza) Modified text on 10/10/2023 (LSS). (Entered: 10/09/2023) |
| 10/23/2023 | 35 | MOTION to Dismiss Plaintiff's Second Amended Complaint *with Prejudice or in the Alternative MOTION to Strike and Incorporated Memorandum of Law* by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah). Modified text and added event on 10/24/2023 (GL). (Entered: 10/23/2023) |
| 11/13/2023 | 36 | RESPONSE in Opposition re 35 MOTION to Dismiss Plaintiff's Second Amended Complaint *with Prejudice or in the Alternative Motion to Strike and Incorporated Memorandum of Law* MOTION to Strike filed by Maritza Reyes. (Reyes, Maritza) (Entered: 11/13/2023) |
| 05/07/2024 | 37 | Time Sensitive MOTION for Protective Order *Precluding the Deposition of FAMU President Dr. Larry Robinson* by Florida A&M University Board of Trustees (FAMU). (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Reiner, Sarah) Motions referred to Magistrate Judge Daniel C. Irick. (Chambers notified)– Modified on 5/7/2024 to edit docket text (AJS). (Entered: 05/07/2024) |
| 05/08/2024 | 38 | NOTICE of hearing on motion re 37 Time Sensitive MOTION for Protective Order *Precluding the Deposition of FAMU President Dr. Larry Robinson*. Motion Hearing set for 5/13/2024 at 11:00 AM via Zoom Video Conference before Magistrate Judge Daniel C. Irick. The parties shall file a joint notice three days before the hearing certifying ongoing conferral and stating which issues, if any, have been resolved. A Zoom link will be sent to counsel via email. (TNP) (Entered: 05/08/2024) |
| 05/10/2024 | 39 | NOTICE of compliance re 38 Notice of Hearing on Motion, 37 Time Sensitive MOTION for Protective Order *Precluding the Deposition of FAMU President Dr. Larry Robinson* by Florida A&M University Board of Trustees (FAMU) (Reiner, Sarah) (Entered: 05/10/2024) |
| 05/13/2024 | 40 | Minute Entry. Virtual Proceedings held before Magistrate Judge Daniel C. Irick: MOTION HEARING held on 5/13/2024 re 37 Time Sensitive MOTION for Protective Order *Precluding the Deposition of FAMU President Dr. Larry Robinson* filed by Florida A&M University Board of Trustees (FAMU). (Digital / Zoom) (TNP) (Entered: 05/13/2024) |
| 05/13/2024 | 41 | **ORDER ON DISCOVERY MOTIONS. Signed by Magistrate Judge Daniel C. Irick on 1/2/2020. (TNP)** (Entered: 05/13/2024) |

5

| 05/15/2024 | 43 | NOTICE of compliance re 38 Notice of Hearing on Motion *Time Sensitive Motion for Protective Order Precluding the Deposition of FAMU President Dr. Larry Robinson* by Maritza Reyes (Reyes, Maritza) (Entered: 05/15/2024) |
|---|---|---|
| 05/20/2024 | 44 | Expedited Opposed MOTION for Protective Order by Maritza Reyes. (Attachments: # 1 Exhibit, # 2 Exhibit)(Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. (Modified on 5/21/2024, chambers notified) (BGR). (Entered: 05/20/2024) |
| 05/21/2024 | 45 | RESPONSE in Opposition re 37 Time Sensitive MOTION for Protective Order *Precluding the Deposition of FAMU President Dr. Larry Robinson Plaintiff's Response* filed by Maritza Reyes. (Reyes, Maritza) (Entered: 05/21/2024) |
| 05/22/2024 | 46 | Expedited RESPONSE in Opposition re 44 MOTION for Protective Order *Expedited Opposed* filed by Florida A&M University Board of Trustees (FAMU). (Attachments: # 1 Exhibit A, # 2 Composite Exhibit B)(Reiner, Sarah) Modified on 5/23/2024 to edit docket text (AJS). (Entered: 05/22/2024) |
| 05/23/2024 | 47 | MOTION for Miscellaneous Relief, specifically Plaintiff's Time–Sensitive Motion for Excusal from Mediation or Referral to Settlement Conference Before a United States Magistrate Judge by Maritza Reyes. (Attachments: # 1 Exhibit, # 2 Exhibit)(Reyes, Maritza) (Entered: 05/23/2024) |
| 05/23/2024 | 48 | **ENDORSED ORDER denying 44 Expedited Motion for Protective Order, as neither the record nor the law cited supports a protective order as requested. Though it is unfortunate that this must be said in this case, the Court expects all parties and counsel to act in accordance with their ethical obligations and the rules governing this Court. Signed by Magistrate Judge Daniel C. Irick on 5/23/2024. (Irick, Daniel)** (Entered: 05/23/2024) |
| 05/24/2024 | 49 | **ORDER denying 37 Time Sensitive Motion for Protective Order Precluding the Deposition of FAMU President Dr. Larry Robinson. The Court will not award Plaintiff attorney fees, as the Defendant was substantially justified in making the Motion. See Fed.R.Civ.P. 26(c)(3) and 37(a)(5)(B). Signed by Magistrate Judge Daniel C. Irick on 5/24/2024. (LDJ)** (Entered: 05/24/2024) |
| 05/29/2024 | 50 | EXPEDITED MOTION to Compel FAMU President Larry Robinson's Deposition by Maritza Reyes. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. Modified on 5/30/2024 to edit text (ELM). (Entered: 05/29/2024) |
| 05/31/2024 | 51 | EXPEDITED MOTION for Extension of Time to Complete Discovery Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary by Maritza Reyes. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. Modified on 6/5/2024 to edit docket text (EAM). (Entered: 05/31/2024) |
| 06/04/2024 | 52 | RESPONSE in Opposition re 50 MOTION to Compel FAMU President Larry Robinson's Deposition *Plaintiff's Expedited Motion to Compel FAMU President Larry Robinson's Deposition* filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 06/04/2024) |
| 06/04/2024 | 53 | RESPONSE in Opposition re 47 MOTION for Miscellaneous Relief, specifically Plaintiff's Time–Sensitive Motion for Excusal from Mediation or Referral to |

| | | |
|---|---|---|
| | | Settlement Conference Before a United States Magistrate Judge filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 06/04/2024) |
| 06/05/2024 | 54 | EXPEDITED NOTICE of Additional Conferral by Maritza Reyes re 50 MOTION to Compel FAMU President Larry Robinson's Deposition (Attachments: # 1 A)(Reyes, Maritza) Modified on 6/5/2024 to edit text (ELM). (Entered: 06/05/2024) |
| 06/05/2024 | 55 | RESPONSE in Opposition re 51 EXPEDITED MOTION for Extension of Time to Complete Discovery Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 06/05/2024) |
| 06/07/2024 | 56 | Expedited MOTION for for Leave to File a Reply to Defendant's Response to Plaintiff's Expedited Motion to Compel FAMU President Larry Robinson's Deposition by Maritza Reyes. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2")(Reyes, Maritza) (Chambers notified)– Modified motion relief/text on 6/7/2024 (AJS). (Entered: 06/07/2024) |
| 06/07/2024 | 57 | **ENDORSED ORDER granting 56 Plaintiff's Expedited Motion for Leave to File a Reply to the extent that Plaintiff may file a Reply to Defendant's Response on or before June 10, 2024. The Reply shall not exceed 5 pages. Signed by Magistrate Judge Daniel C. Irick on 6/7/2024. (JEB)** (Entered: 06/07/2024) |
| 06/07/2024 | 58 | Time Sensitive MOTION for Leave to File a Reply to 53 Response to Plaintiff's Time–Sensitive Motion for Excusal from Mediation or Referral to Settlement Conference Before a United States Magistrate Judge by Maritza Reyes. (Attachments: # 1 Exhibit Composite Exhibit "1", # 2 Exhibit Composite Exhibit "2")(Reyes, Maritza) Modified on 6/10/2024 to edit text (ELM). (Entered: 06/07/2024) |
| 06/10/2024 | 59 | **ENDORSED ORDER granting 58 Plaintiff's Expedited Motion for Leave to File a Reply to the extent that Plaintiff may file a Reply to Defendant's Response on or before June 13, 2024. The Reply shall not exceed 5 pages. Signed by Magistrate Judge Daniel C. Irick on 6/10/2024. (Irick, Daniel)** (Entered: 06/10/2024) |
| 06/10/2024 | 60 | REPLY to Response to Motion re 50 MOTION to Compel FAMU President Larry Robinson's Deposition *Plaintiff's Expedited Motion to Compel FAMU President Larry Robinson's Deposition Plaintiff's Reply to Defendant's Response to Plaintiff's Expedited Motion to Compel FAMU President Larry Robinson's Deposition* filed by Maritza Reyes. (Attachments: # 1 Exhibit Composite Exhibit "1", # 2 Exhibit Composite Exhibit "2")(Reyes, Maritza) (Entered: 06/10/2024) |
| 06/11/2024 | 61 | Unopposed MOTION for Miscellaneous Relief, specifically Plaintiff's Unopposed Expedited Motion for Leave to File a Reply to Defendant's Response (Doc. 55) in Opposition to Plaintiff's Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary by Maritza Reyes. (Reyes, Maritza) (Entered: 06/11/2024) |
| 06/11/2024 | 62 | **ENDORSED ORDER granting 61 Plaintiff's Expedited Motion for Leave to File a Reply to the extent that Plaintiff may file a Reply to Defendant's Response on or before June 17, 2024. The Reply shall not exceed 5 pages. Signed by Magistrate Judge Daniel C. Irick on 6/11/2024. (Irick, Daniel)** (Entered: 06/11/2024) |

7

| 06/11/2024 | 63 | NOTICE of hearing on motion re 51 EXPEDITED MOTION for Extension of Time to Complete Discovery Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary. Motion Hearing set for 6/18/2024 at 10:30 AM via Zoom Video Conference before Magistrate Judge Daniel C. Irick. The parties should be prepared to present argument and legal authority to support their positions. The parties also shall file a joint notice three days before the hearing certifying ongoing conferral and stating which issues, if any, have been resolved. A Zoom link will be sent to counsel via email. (TNP) (Entered: 06/11/2024) |
|---|---|---|
| 06/13/2024 | 64 | **ORDER granting in part and denying in part 50 Plaintiff's Expedited Motion to Compel FAMU President Larry Robinson's Deposition. Plaintiff's Motion (Doc. 50) is GRANTED in part to the extent that Dr. Robinson shall appear in person in Orlando, Florida for the deposition at a mutually agreeable date and time to be completed on or before June 26, 2024. The remainder of the Motion is DENIED. The Court finds that payment of reasonable expenses, including attorney fees, incurred in making the Motion is not necessary pursuant to Rule 37(a)(5)(C). Signed by Magistrate Judge Daniel C. Irick on 6/12/2024. (TNP)** (Entered: 06/13/2024) |
| 06/13/2024 | 65 | REPLY to Response to Motion re 47 MOTION for Miscellaneous Relief, specifically Plaintiff's Time–Sensitive Motion for Excusal from Mediation or Referral to Settlement Conference Before a United States Magistrate Judge filed by Maritza Reyes. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2")(Reyes, Maritza) (Entered: 06/13/2024) |
| 06/14/2024 | 66 | NOTICE by Maritza Reyes re 65 Reply to Response to Motion *Plaintiff's Notice of Scrivener's Errors in Reply to Defendant's Response to Plaintiff's Time–Sensitive Motion for Excusal from Mediation or Referral to Settlement Conference Before a United States Magistrate Judge* (Reyes, Maritza) (Entered: 06/14/2024) |
| 06/15/2024 | 67 | NOTICE by Maritza Reyes re 63 Notice of Hearing on Motion *JOINT NOTICE Certifying Ongoing Conferral re Plaintiff's EXPEDITED Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary (Doc. 51)* (Reyes, Maritza) (Entered: 06/15/2024) |
| 06/17/2024 | 68 | REPLY to Response to Motion re 51 EXPEDITED MOTION for Extension of Time to Complete Discovery Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary filed by Maritza Reyes. (Reyes, Maritza) (Entered: 06/17/2024) |
| 06/18/2024 | 69 | Minute Entry. Virtual Proceedings held before Magistrate Judge Daniel C. Irick: MOTION HEARING held on 6/18/2024 re 51 EXPEDITED MOTION for Extension of Time to Complete Discovery Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary filed by Maritza Reyes. (Digital / Zoom) (TNP) (Entered: 06/18/2024) |
| 06/19/2024 | 71 | NOTICE of supplemental authority re 69 Motion Hearing, 51 EXPEDITED MOTION for Extension of Time to Complete Discovery Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary by Maritza Reyes. (Attachments: # 1 Exhibit "Exhibit 1")(Reyes, Maritza) (Entered: 06/19/2024) |
| 06/20/2024 | 72 | **ORDER denying 51 Expedited Short–Form Discovery Motion for Extension of Discovery Deadline and Dispositive and Daubert Motions Deadline if Necessary.** |

| | | |
|---|---|---|
| | | **Signed by Magistrate Judge Daniel C. Irick on 6/20/2024. (TNP)** Modified on 6/21/2024 (TNP). (TNP). (Entered: 06/20/2024) |
| 06/28/2024 | 73 | **ORDER Directing Compliance: it is ORDERED that the parties shall advise the Court on the status of mediation on or before July 3, 2024. Failure to comply with this Order may result in dismissal without prejudice or other appropriate sanctions pursuant to Local Rule 3.10(a). Signed by Judge Wendy W. Berger on 6/28/2024. (RMF)** (Entered: 06/28/2024) |
| 07/01/2024 | 74 | MOTION for Miscellaneous Relief, specifically Exclude Plaintiff's Expert *Kenneth Westhues, Ph.D.* by Florida A&M University Board of Trustees (FAMU). (Attachments: # 1 Exhibit A – Report)(Zolty, Julie) (Entered: 07/01/2024) |
| 07/02/2024 | 75 | NOTICE of Filing Documents in Support of 76 Defendant's Motion for Summary Final Judgment by Florida A&M University Board of Trustees (FAMU) (Attachments: # 1 Declaration of FAMU Provost Allyson Watson, PH.D., # 2 Declaration of Maurice Edington, PH.D., # 3 Deposition Transcript of Maritza Reyes and Referenced Exhibits)(Reiner, Sarah) Modified text on 7/3/2024 (BD). (Entered: 07/02/2024) |
| 07/02/2024 | 76 | MOTION for Summary Judgment *and Incorporated Memorandum of Law* by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 07/02/2024) |
| 07/03/2024 | 77 | Joint RESPONSE to 73 Order Requesting the Status of Mediation filed by Maritza Reyes. (Reyes, Maritza) Modified text on 7/3/2024 (BD). (Entered: 07/03/2024) |
| 07/09/2024 | 78 | **ORDER re 77 Joint Response to the Court's Order Requesting Status of Mediation: This case is REFERRED to United States District Judge Paul G. Byron, who is not assigned to this case, to conduct a settlement conference. Signed by Judge Wendy W. Berger on 7/9/2024. (RMF)** (Entered: 07/09/2024) |
| 07/17/2024 | 79 | Time Sensitive Unopposed MOTION for Extension of Time to File Response/Reply as to 74 MOTION for Miscellaneous Relief, specifically Exclude Plaintiff's Expert Kenneth Westhues, Ph.D., 76 MOTION for Summary Judgment and Incorporated Memorandum of Law by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. (chambers notified) Modified on 7/18/2024 as to docket text (ARL). (Entered: 07/17/2024) |
| 07/19/2024 | 80 | **ENDORSED ORDER granting 79 Unopposed Motion for Extension of Time. Plaintiff must respond to the 74 Daubert Motion by 7/29/2024. Plaintiff must respond to the 76 Motion for Summary Judgment by 8/8/2024. Signed by Magistrate Judge Daniel C. Irick on 7/19/2024. (Irick, Daniel)** (Entered: 07/19/2024) |
| 07/29/2024 | 81 | RESPONSE in Opposition re 74 MOTION for Miscellaneous Relief, specifically Exclude Plaintiff's Expert *Kenneth Westhues, Ph.D.* filed by Maritza Reyes. (Attachments: # 1 Exhibit 1)(Reyes, Maritza) (Entered: 07/29/2024) |
| 08/02/2024 | 82 | Time Sensitive Unopposed MOTION for Extension of Time to File Response/Reply as to 76 MOTION for Summary Judgment *and Incorporated Memorandum of Law* by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. Modified on 8/5/2024 to edit text (ELM). (Entered: 08/02/2024) |
| 08/05/2024 | 83 | **ENDORSED ORDER granting 82 Unopposed Motion for Extension of Time Plaintiff must respond to the 76 Motion for Summary Judgment by 8/12/2024. Signed by Magistrate Judge Daniel C. Irick on 8/5/2024. (Irick, Daniel)** (Entered: |

| | | 08/05/2024) |
|---|---|---|
| 08/12/2024 | 84 | Unopposed MOTION for Susan T. Spradley to Withdraw as Attorney by Florida A&M University Board of Trustees (FAMU). (Spradley, Susan) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 08/12/2024) |
| 08/12/2024 | 85 | **ENDORSED ORDER granting 84 Motion to Withdraw as Attorney. Susan T. Spradley is terminated as counsel in this case. Signed by Magistrate Judge Daniel C. Irick on 8/12/2024. (Irick, Daniel)** (Entered: 08/12/2024) |
| 08/12/2024 | 86 | NOTICE of Filing Recordings and Transcripts by Maritza Reyes(ARL) Modified on 8/23/2024 as to docket text (ARL). (Entered: 08/12/2024) |
| 08/12/2024 | 87 | Emergency MOTION for Extension of Time to File Response/Reply as to 76 MOTION for Summary Judgment *and Incorporated Memorandum of Law* , MOTION for Extension of Time to File Response to Defendant's Motion for Summary Judgment by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 08/12/2024) |
| 08/13/2024 | 88 | SUPPLEMENT re 87 Emergency MOTION for Extension of Time to File Response/Reply as to 76 MOTION for Summary Judgment *and Incorporated Memorandum of Law* MOTION for Extension of Time to File Response to Defendant's Motion for Summary Judgment *Local Rule 3.01(g) Certification Supplement and Amendment* by Maritza Reyes. (Reyes, Maritza) (Entered: 08/13/2024) |
| 08/13/2024 | 89 | **ENDORSED ORDER granting 87 Unopposed Motion for Extension of Time to File Response to 76 Motion for Summary judgment. Response due by 8/19/2024. Signed by Magistrate Judge Daniel C. Irick on 8/13/2024. (Irick, Daniel)** Modified text to correct RESPONSE DUE DATE on 8/13/2024 (MJT). (Entered: 08/13/2024) |
| 08/13/2024 | | Set deadline as to 76 MOTION for Summary Judgment *and Incorporated Memorandum of Law*. Response due by 8/19/2024 per 89 ENDORSED ORDER. (MJT) (Entered: 08/13/2024) |
| 08/16/2024 | 90 | NOTICE of hearing: Settlement Conference set for 10/21/2024 at 09:30 AM in Orlando Courtroom 4 B before Judge Paul G. Byron (KM) (Entered: 08/16/2024) |
| 08/19/2024 | 91 | RESPONSE re 76 MOTION for Summary Judgment *and Incorporated Memorandum of Law* filed by Maritza Reyes. (Reyes, Maritza) (Entered: 08/19/2024) |
| 09/03/2024 | 92 | NOTICE by Maritza Reyes re 91 Response, 76 MOTION for Summary Judgment *and Incorporated Memorandum of Law − Plaintiff's Time−Sensitive Notice Regarding Plaintiff's Response and Declaration in Opposition to Defendant's Motion for Summary Judgment* (Reyes, Maritza) (Entered: 09/03/2024) |
| 09/03/2024 | 93 | REPLY to Response to Motion re 76 MOTION for Summary Judgment *and Incorporated Memorandum of Law* filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 09/03/2024) |
| 09/09/2024 | 94 | **ORDER denying 35 Defendant's Opposed Motion to Dismiss With Prejudice, or in the Alternative, Motion to Strike. Defendant shall file an answer to the 34 Second Amended Complaint on or before September 23, 2024. Signed by Judge Wendy W. Berger on 9/9/2024. (MDJ)** (Entered: 09/09/2024) |

| 09/09/2024 | 95 | **ORDER re 77 Joint Response to the Court's Order Requesting Status of Mediation: This case is REFERRED to United States Magistrate Judge Leslie Hoffman Price, who is not assigned to this case, to conduct a settlement conference. The parties shall attend the conference at Magistrate Judge Leslie Hoffman Price's direction, the details of which will be contained in a separate order issued by Magistrate Judge Leslie Hoffman Price. United States District Judge Paul G. Byron is no longer assigned to this case. Signed by Judge Wendy W. Berger on 9/9/2024. (RMF)** (Entered: 09/09/2024) |
|---|---|---|
| 09/09/2024 | 96 | **ORDER AND NOTICE OF SETTLEMENT CONFERENCE. Settlement Conference set for 10/24/2024 at 10:00 AM in Orlando Courtroom 5 D before Magistrate Judge Leslie Hoffman Price. See PDF Order for further requirements, deadlines, and details. Signed by Magistrate Judge Leslie Hoffman Price on 9/9/2024. (MKH)** (Entered: 09/09/2024) |
| 09/23/2024 | 97 | ANSWER and affirmative defenses to 34 Amended Complaint by Florida A&M University Board of Trustees (FAMU).(Reiner, Sarah) (Entered: 09/23/2024) |
| 09/25/2024 | 98 | **ORDER re 96: To promote timely and efficient resolution of any issues remaining unresolved after the settlement conference, it is ORDERED that the Case Management and Scheduling Order 26 is AMENDED. See PDF for details. Signed by Judge Wendy W. Berger on 9/25/2024. (RMF)** (Entered: 09/25/2024) |
| 09/25/2024 |  | Set/reset scheduling order deadlines: Pretrial statement due by 12/2/2024 Trial Status Conference set for 12/10/2024 at 09:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger Jury Trial set for the February 2025 trial term commencing on 2/3/2025 at 09:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger. (RMF) (Entered: 09/25/2024) |
| 09/26/2024 | 99 | TIME SENSITIVE UNOPPOSED MOTION for Miscellaneous Relief, specifically for Deadline to File Motion to Strike Pursuant to Time Allowed Under Federal Rule of Civil Procedure 12(f)(2) by Maritza Reyes. (Reyes, Maritza) Modified on 9/27/2024 to edit text (ELA). (Entered: 09/26/2024) |
| 09/27/2024 | 100 | **ENDORSED ORDER granting 99 Unopposed Motion for Deadline to File Motion to Strike. On or before 10/15/2024, Plaintiff may file a motion to strike pursuant to Federal Rule of Civil Procedure 12(f)(2). Signed by Magistrate Judge Daniel C. Irick on 9/27/2024. (Irick, Daniel)** (Entered: 09/27/2024) |
| 10/02/2024 | 101 | MOTION In Limine by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 10/02/2024) |
| 10/02/2024 | 102 | Time Sensitive MOTION to Replace Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment with Plaintiff's Corrected Response in Opposition to Defendant's Motion for Summary Judgment and for the Court to Accept Plaintiff's Declaration by Maritza Reyes. (Reyes, Maritza) Modified text on 10/3/2024 (BD). (Entered: 10/02/2024) |
| 10/02/2024 | 103 | NOTICE of Filing Declarations in Support of 102 Time Sensitive MOTION by Maritza Reyes. (Reyes, Maritza) Modified text on 10/3/2024 (BD). (Entered: 10/02/2024) |
| 10/02/2024 | 104 | MOTION In Limine by Maritza Reyes. (Reyes, Maritza) Modified text on 10/3/2024 (BD). (Entered: 10/02/2024) |
| 10/02/2024 | 105 |  |

11

| | | Time Sensitive MOTION to Re–Open Discovery and Summary Judgment by Maritza Reyes. (Reyes, Maritza) Modified text on 10/3/2024 (BD). (Entered: 10/02/2024) |
|---|---|---|
| 10/02/2024 | 106 | MOTION to Stay Case Pending Exhaustion of Administrative Remedies after Wrongful Termination by Maritza Reyes. (Attachments: # 1 Exhibit 1)(Reyes, Maritza) Modified text and event type on 10/3/2024 (BD). (Entered: 10/02/2024) |
| 10/04/2024 | 107 | Time Sensitive Amended NOTICE by Maritza Reyes re 102 Time Sensitive MOTION to Replace Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment with Plaintiff's Corrected Response in Opposition to Defendant's Motion for Summary Judgment and for the Court to Accept, 103 Affidavit (Attachments: # 1 Exhibit Exhibits A, B and C, # 2 Affidavit Declarations/Exhibits 1, 2, 3, 4, 5 & 6)(Reyes, Maritza) Modified on 10/7/2024 as to docket text (ARL). (Entered: 10/04/2024) |
| 10/08/2024 | 108 | NOTICE by Florida A&M University Board of Trustees (FAMU) re 96 Order Setting Hearing *, of Authority and Attendance at Settlement Conference* (Reiner, Sarah) (Entered: 10/08/2024) |
| 10/10/2024 | 109 | NOTICE by Maritza Reyes re 96 Order Setting Hearing *Identifying the Person Who Will Attend the Settlement Conference and Confirming Full Settlement Authority* (Reyes, Maritza) Modified on 10/11/2024 to edit the docket text (RPB). (Entered: 10/10/2024) |
| 10/14/2024 | 110 | Time Sensitive MOTION for Extension of Time to File Motion To Strike and to Respond to Defendant's Omnibus Motion In Limine by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. Modified on 10/15/2024 to edit docket text(RN). (Entered: 10/14/2024) |
| 10/15/2024 | 111 | RESPONSE in Opposition re 110 Time Sensitive MOTION for Extension of Time to File Motion to Strike and to Respond to Defendant's Omnibus Motion in Limine filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) Modified on 10/16/2024 to remove capitalization (ARL). (Entered: 10/15/2024) |
| 10/15/2024 | 112 | MOTION to Strike 97 Answer to amended complaint by Maritza Reyes. (Reyes, Maritza) Modified on 10/16/2024 as to docket text (ARL). (Entered: 10/15/2024) |
| 10/16/2024 | 113 | RESPONSE in Opposition re 102 Time Sensitive MOTION to Replace Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment with Plaintiff's Corrected Response in Opposition to Defendant's Motion for Summary Judgment and for the Court to Accept filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 10/16/2024) |
| 10/16/2024 | 114 | MOTION to Strike *Plaintiff's Declarations (Doc. 103 and 107)* by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 10/16/2024) |
| 10/16/2024 | 115 | RESPONSE in Opposition re 106 MOTION to Stay Case Pending Exhaustion of Administrative Remedies after Wrongful Termination filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 10/16/2024) |
| 10/16/2024 | 116 | RESPONSE in Opposition re 104 MOTION In Limine filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 10/16/2024) |
| 10/16/2024 | 117 | RESPONSE in Opposition re 101 MOTION In Limine filed by Maritza Reyes. (Attachments: # 1 1)(Reyes, Maritza) (Entered: 10/16/2024) |

| 10/16/2024 | 118 | RESPONSE in Opposition re 105 Time Sensitive MOTION to Re–Open Discovery and Summary Judgment filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 10/16/2024) |
|---|---|---|
| 10/22/2024 | 119 | **ENDORSED ORDER denying 110 Motion for Extension of Time to File as moot. Signed by Judge Wendy W. Berger on 10/22/2024. (CHM)** (Entered: 10/22/2024) |
| 10/23/2024 | 120 | NOTICE of Lead Counsel Designation by Sarah P. L. Reiner on behalf of Florida A&M University Board of Trustees (FAMU). Lead Counsel: Sarah P. L. Reiner. (Reiner, Sarah) (Entered: 10/23/2024) |
| 10/24/2024 | 121 | Minute Entry. In Person Proceedings held before Magistrate Judge Leslie Hoffman Price: SETTLEMENT CONFERENCE held on 10/24/2024. Impasse. (DIGITAL) (ECJ) (Entered: 10/24/2024) |
| 10/24/2024 | | Magistrate Judge Leslie Hoffman Price no longer assigned to case. (ECJ) (Entered: 10/24/2024) |
| 10/29/2024 | 122 | RESPONSE in Opposition re 112 MOTION to Strike 97 Answer to amended complaint *and Affirmative Defenses* filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 10/29/2024) |
| 10/30/2024 | 123 | RESPONSE in Opposition re 114 MOTION to Strike *Plaintiff's Declarations (Doc. 103 and 107)* filed by Maritza Reyes. (Reyes, Maritza) (Entered: 10/30/2024) |
| 11/01/2024 | 124 | **ORDER: it is ORDERED and ADJUDGED that Plaintiff's Time–Sensitive Motion to Replace Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment with Plaintiff's Corrected Response in Opposition to Defendant's Motion for Summary Judgment and for the Court to Accept Plaintiff's Declaration 102 is DENIED. Signed by Judge Wendy W. Berger on 11/1/2024. (RMF)** (Entered: 11/01/2024) |
| 11/01/2024 | 125 | **ORDER: it is ORDERED and ADJUDGED that Plaintiff's Time–Sensitive Motion to Re–Open Discovery and Summary Judgment 105 is DENIED. Signed by Judge Wendy W. Berger on 11/1/2024. (RMF)** (Entered: 11/01/2024) |
| 11/01/2024 | 126 | **ORDER: it is ORDERED and ADJUDGED that Plaintiff's Motion to Stay Case Pending Exhaustion of Administrative Remedies After Wrongful Termination 106 is DENIED. Signed by Judge Wendy W. Berger on 11/1/2024. (RMF)** (Entered: 11/01/2024) |
| 11/04/2024 | 127 | **ORDER denying 112 Motion to Strike Defendant's Affirmative Defenses. Signed by Magistrate Judge Daniel C. Irick on 11/4/2024. (TNP)** (Entered: 11/04/2024) |
| 11/06/2024 | 128 | ***STRICKEN PER #129 ENDORSED ORDER*** NOTICE (Time–Sensitive) by Maritza Reyes re 127 Order on Motion to Strike, 125 Order on Motion for Miscellaneous Relief, 124 Order on Motion for Miscellaneous Relief *of Intent to File Motions for Reconsideration of the Court's Recent Orders.* (Reyes, Maritza) Modified on 11/8/2024 (LD). (Entered: 11/06/2024) |
| 11/07/2024 | 129 | **ENDORSED ORDER to strike 128 Plaintiff's Time–Sensitive Notice of Intent to File Motions for Reconsideration of the Court's Recent Orders. The rules of this court do not provide for the filing of a notice of intent to file a motion. Signed by Magistrate Judge Daniel C. Irick on 11/7/2024. (Irick, Daniel)** (Entered: 11/07/2024) |

| 11/15/2024 | 130 | Time Sensitive MOTION for Reconsideration re 124 Order on Motion for Miscellaneous Relief *Order denying Plaintiff's Time−Sensitive Motion to Replace Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment with Plaintiff's Corrected Response and for the Court to Accept Plaintiff's Declaration (Doc. 102)* by Maritza Reyes. (Attachments: # 1 Exhibit 1)(Reyes, Maritza) (Entered: 11/15/2024) |
|---|---|---|
| 11/19/2024 | 131 | Emergency MOTION for Miscellaneous Relief, specifically for Extension of Pretrial Deadlines by Maritza Reyes. (Reyes, Maritza) (chambers notified) Modified on 11/20/2024 as to docket text (ARL). (Entered: 11/19/2024) |
| 11/26/2024 | 132 | NOTICE OF RESCHEDULING HEARING: The Trial Status Conference previously scheduled for 12/10/2024 is rescheduled as a Telephone Trial Status Conference set for 12/3/2024 at 09:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger. The parties shall call 1−855−244−8681 ten minutes before the hearing is scheduled to begin. Access Code: 23028923440. (RMF) (Entered: 11/26/2024) |
| 11/26/2024 | 133 | Emergency MOTION for Extension of Time to File Joint Final Pretrial Statement by Maritza Reyes. (Reyes, Maritza) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 11/26/2024) |
| 11/26/2024 | 134 | RESPONSE in Opposition re 131 Emergency MOTION for Miscellaneous Relief, specifically for Extension of Pretrial Deadlines filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 11/26/2024) |
| 11/27/2024 | 135 | Emergency MOTION for Miscellaneous Relief, specifically Plaintiff's Emergency Motion to File a Reply to Defendant's Response re Pretrial Deadlines *Leave to Reply to Doc. 134* by Maritza Reyes. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Reyes, Maritza) (Entered: 11/27/2024) |
| 11/29/2024 | 136 | Notice of updated Local Rule 3.01(g) Certification by Maritza Reyes re 133 Emergency MOTION for Extension of Time to File Joint Final Pretrial Statement *Plaintiff's Notice of Updated Local Rule 3.01(g) Certification* (Reyes, Maritza) Modified text on 12/2/2024 (AA). (Entered: 11/29/2024) |
| 11/29/2024 |  | NOTICE OF RESCHEDULING HEARING: The Telephone Trial Status Conference previously scheduled for 12/3/2024 is rescheduled as a Trial Status Conference set for 1/15/2024 at 09:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger. (CHM) (Entered: 11/29/2024) |
| 12/01/2024 | 137 | RESPONSE in Opposition re 130 Time Sensitive MOTION for Reconsideration re 124 Order on Motion for Miscellaneous Relief denying Plaintiff's Time−Sensitive Motion to Replace Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 12/01/2024) |
| 12/01/2024 | 138 | Emergency MOTION for Miscellaneous Relief, specifically Joint Emergency Request for a Status Conference Regarding Coordination of Joint Final Pretrial Statement by Maritza Reyes. (Reyes, Maritza) (Entered: 12/01/2024) |
| 12/03/2024 | 139 | Motion for Leave to File Document in Response to 137 Response in Opposition to 130 MOTION for Reconsideration by Maritza Reyes. (Reyes, Maritza) Modified on 12/4/2024 as to docket text (ARL). (Entered: 12/03/2024) |
| 12/06/2024 | 140 | TRANSCRIPT of Motion Hearing held on 6/18/24 before Judge Daniel C. Irick. Court Reporter/Transcriber: Suzanne L. Trimble, CRR, RPR, WA−CCR. Email |

| | | |
|---|---|---|
| | | address: trimblecourtreporter@outlook.com. Telephone number: 407.900.8775.

NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 12/27/2024. Redacted Transcript Deadline set for 1/6/2025. Release of Transcript Restriction set for 3/6/2025. (SLT) (Entered: 12/06/2024) |
| 12/09/2024 | 141 | RESPONSE in Opposition re 139 Motion for Leave to File Document in Response to 137 Response in Opposition to 130 MOTION for Reconsideration, 135 Emergency MOTION for Miscellaneous Relief, specifically Plaintiff's Emergency Motion to File a Reply to Defendant's Response re Pretrial Deadlines *Leave to Reply to Doc. 134 Omnibus Response* filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 12/09/2024) |
| 12/09/2024 | 142 | RESPONSE in Opposition re 133 Emergency MOTION for Extension of Time to File Joint Final Pretrial Statement filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 12/09/2024) |
| 12/10/2024 | 143 | TRANSCRIPT of Motion Hearing re: 37 Defendant's Time–Sensitive Motion for Protective Order Precluding the Deposition of Dr. Larry Robinson held on 05/13/2024 before Judge Daniel C. Irick. Court Reporter/Transcriber: Heather Suarez, RDR, FCRR, FCRR, FPR–C. Email address: heather@stenosuarez.com. Telephone number: (407) 801–8921.

NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 12/31/2024. Redacted Transcript Deadline set for 1/10/2025. Release of Transcript Restriction set for 3/10/2025. (HLS) (Entered: 12/10/2024) |
| 12/10/2024 | 144 | **ORDER: it is ORDERED and ADJUDGED that Plaintiff's Time–Sensitive Motion for Reconsideration 130 is DENIED. Signed by Judge Wendy W. Berger on 12/10/2024. (RMF)** (Entered: 12/10/2024) |
| 12/11/2024 | 145 | Time Sensitive MOTION for Miscellaneous Relief, specifically Plaintiff's Time–Sensitive Motion for Court Case Management by Maritza Reyes. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Reyes, Maritza) (Entered: 12/11/2024) |
| 12/16/2024 | 146 | AMENDED TRANSCRIPT of Motion Hearing re: 37 Defendant's Time–Sensitive Motion for Protective Order Precluding the Deposition of Dr. Larry Robinson held on 05/13/2024 before Judge Daniel C. Irick. Court Reporter/Transcriber: Heather Suarez, RDR, CRR, FCRR, FPR–C. Email address: heather@stenosuarez.com. Telephone number: (407) 801–8921. |

|  |  | NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 1/6/2025. Redacted Transcript Deadline set for 1/16/2025. Release of Transcript Restriction set for 3/17/2025. (HLS) (Entered: 12/16/2024) |
| 12/18/2024 | 147 | MOTION for Reconsideration re 127 Order on Motion to Strike by Maritza Reyes. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Reyes, Maritza) Modified text on 12/19/2024 (LNR). (Entered: 12/18/2024) |
| 12/26/2024 | 148 | RESPONSE to Motion re 145 Time Sensitive MOTION for Miscellaneous Relief, specifically Plaintiff's Time–Sensitive Motion for Court Case Management filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 12/26/2024) |
| 01/02/2025 | 149 | RESPONSE in Opposition re 147 MOTION for Reconsideration *of Court's Order (Doc. 127) Denying Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 112)* filed by Florida A&M University Board of Trustees (FAMU). (Reiner, Sarah) (Entered: 01/02/2025) |
| 01/08/2025 | 150 | NOTICE canceling Trial Status Conference scheduled for 1/14/2025. The hearing will be reset by separate Order. (RMF) (Entered: 01/08/2025) |
| 01/08/2025 | 151 | **ORDER: it is ORDERED that the Case Management and Scheduling Order 26, as amended by the Court's September 25, 2024 Order 98, is AMENDED. Signed by Judge Wendy W. Berger on 1/8/2025. (RMF)** (Entered: 01/08/2025) |
| 01/08/2025 |  | Reset Scheduling Order Deadlines/Hearings: Pretrial statement due by 4/1/2025 Trial Status Conference set for 4/8/2025 at 10:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger Jury Trial set for 5/6/2025 at 09:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger. (RMF) (Entered: 01/08/2025) |
| 01/09/2025 | 152 | **ENDORSED ORDER denying as moot 133 Emergency Motion for Extension of Time. See Doc. 151. Signed by Magistrate Judge Daniel C. Irick on 1/9/2025. (Irick, Daniel)** (Entered: 01/09/2025) |
| 01/10/2025 | 153 | **ORDER: Defendant's Motion for Summary Final Judgement 76 is GRANTED in part as set forth herein and DENIED in all other respects. The Clerk is directed to enter judgment in favor of Defendant, and against Plaintiff, on each of her claims. Thereafter, the Clerk is directed to terminate all pending motions and close this case. Signed by Judge Wendy W. Berger on 1/10/2025. (RMF)** (Entered: 01/10/2025) |
| 01/13/2025 | 154 | JUDGMENT in favor of Florida A&M University Board of Trustees (FAMU) against Maritza Reyes. ( Signed by Deputy Clerk) (ELA) (Entered: 01/13/2025) |
| 01/13/2025 | 155 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non–party must move for relief before the seal expires. (Signed by Deputy Clerk). (ELA) (Entered: 01/13/2025) |

| 01/27/2025 | 156 | PROPOSED BILL OF COSTS by Florida A&M University Board of Trustees (FAMU). (Attachments: # 1 Exhibit Declaration in Support of Bill of Costs)(Reiner, Sarah) (Entered: 01/27/2025) |
| 02/10/2025 | 157 | NOTICE OF APPEAL as to 153 Order on Motion for Summary Judgment, 154 Judgment by Maritza Reyes. Filing fee $ 605, receipt number AFLMDC−23005524. (Reyes, Maritza) (Entered: 02/10/2025) |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARITZA REYES,

        Plaintiff,

v.                                    Case No.: 6:22-cv-1525-WWB-DCI

FLORIDA A&M UNIVERSITY BOARD
OF TRUSTEES (FAMU),

        Defendant.
_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant's Motion for Summary Final Judgement (Doc. 76), Plaintiff's Response in Opposition (Doc. 91), and Defendant's Reply (Doc. 93).  For the reasons set forth below, the Motion will be granted.

## I.    BACKGROUND

Plaintiff, a Latina woman, accepted a position as an assistant professor of law at the Florida A&M University College of Law ("**FAMU Law**") in March 2009.  (Doc. 34, ¶¶ 4, 25–26).  Plaintiff alleges that she was the first Hispanic person hired in a tenure-track position at FAMU Law and the first to apply for tenure.  (*Id.* ¶¶ 25, 36).  Plaintiff alleges that she applied for tenure on September 12, 2014, and was subjected to a variety of unfair and improper conduct by members of the reviewing committee based on her race.  (*See generally id.* ¶¶ 33–77).  On April 24, 2015, Plaintiff submitted a complaint alleging discrimination and retaliation on the basis of race, color, national origin, and sex to the Office of Equal Opportunity Programs against the members of the tenure committee, which was dismissed after an investigation.  (*Id.* ¶¶ 73–74).  Although members of the

tenure committee recommended that Plaintiff be denied tenure, she was granted tenure on June 10, 2015.  (*Id.* ¶¶ 75–77).  Plaintiff subsequently applied for a promotion to full professor in 2018.  (*Id.* ¶ 161).  Ultimately, Defendant denied Plaintiff the promotion and communicated that decision in a letter dated July 24, 2019, and directed to Plaintiff at the College of Law.  (Doc. 75-3 at 347).  Plaintiff alleges that the process was again fraught with discrimination and irregularities.  (*See generally* Doc. 34, ¶¶ 159–180).  Additionally, Plaintiff alleges generally that she has been subjected to ongoing race and gender-based hostilities since she began her employment at FAMU Law.  (*See generally id.*).  Plaintiff raised these allegations in a Charge of Discrimination filed with the United States Equal Employment Opportunity Commission ("**EEOC**") on May 29, 2020.  (Doc. 75-3 at 350–353).  Plaintiff then brought the instant suit, alleging claims for discrimination, hostile work environment, and retaliation on the basis of race, color, national origin, and gender in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. § 2000e *et seq.* (Doc. 34, ¶¶ 232–303).

## II.   LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it may "affect the outcome of the suit under the governing law."  *Id.*   "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306,

1313–14 (11th Cir. 2007).  Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted).  The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).  Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

## III. DISCUSSION

As a preliminary matter, Defendant argues in its Reply that Plaintiff has failed to respond to its Statement of Material Facts, and therefore the Court may consider those facts undisputed in resolving the instant Motion.  As the movant, Defendant bears the initial burden of "showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen*, 495 F.3d at 1313–14.  Plaintiff then must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (quotation omitted).  Where the nonmovant fails to do so, the Court may consider the movant's asserted facts undisputed.  *See Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-

61304-CV, 2024 WL 999453, at *2 (S.D. Fla. Mar. 5, 2024) ("When a party fails to respond to a Motion for Summary Judgment and Statement of Undisputed Facts, Fed. R. Civ. P. 56(e) provides that the court may 'grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.'" (quoting Fed. R. Civ. P. 56(e))); *see also Atlanta Gas Light Co. v. UGI Utils., Inc.*, 463 F.3d 1201, 1208 n.11 (11th Cir. 2005) ("Neither the district court nor this court has an obligation to parse a summary judgment record to search out facts or evidence not brought to the Court's attention.").

Defendant is correct that Plaintiff's Response does not dispute the Statement of Material Facts contained in the Motion with citation to record evidence. Indeed, the Response contains few citations to the record at all. Further, Plaintiff's assertion that the Second Amended Complaint (Doc. 34) "provides a sufficient factual showing for Plaintiff's claims to survive summary judgment" is unavailing. (Doc. 91 at 3); *see Celotex Corp.*, 477 U.S. at 324 ("Rule 56(e) . . . requires the nonmoving party to *go beyond the pleadings* and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." (emphasis added); *see also Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658 (11th Cir. 1984) ("The party adverse to the movant for summary judgment cannot rest on his pleadings to present an issue of fact."). Accordingly, to the extent that Plaintiff has failed to dispute Defendant's statement of facts or otherwise support her arguments with record evidence, the Court will treat the facts laid out in the Motion as undisputed.

### A. Timeliness of Plaintiff's Claims

Turning to the merits of the Motion, Defendant first argues that summary judgment is appropriate on Counts I, II, and III because Plaintiff failed to timely exhaust administrative remedies. Timely filing a charge of discrimination with the EEOC is a prerequisite to suit under Title VII. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). In Florida, A plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *Id.* at 1262–63. The Eleventh Circuit has held that "an adverse employment action is deemed to have occurred when the employer made the final decision and communicated it to the employee." *Liu v. Univ. of Mia. Sch. of Med.*, 138 F. Supp. 3d 1360, 1370 (S.D. Fla. 2015) (quoting *Thomas v. CVS/Pharmacy*, 336 F. App'x 913, 915 (11th Cir. 2009); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n.19 (11th Cir. 1996) ("[T]he time for filing an EEOC charge begins to run when the employee receives unequivocal notice of the adverse employment decision.").

Defendant contends that it notified Plaintiff of the denial of promotion by the July 24, 2019 letter. (Doc. 75-2 at 1, 5). Defendant accordingly argues that Plaintiff's May 29, 2020 Charge of Discrimination—filed 310 days after July 24, 2019—was untimely. While there is no dispute that the July 24, 2019 letter is "unequivocal notice" of Plaintiff's denial of promotion, Plaintiff responds that she did not receive the same until August 5, 2019. (Doc. 75-3 at 172:1–17; Doc. 91 at 7). The Court therefore finds that the record evidence shows a genuine dispute of material fact as to when Plaintiff received notice of her denial of promotion to full professor. Accordingly, the Court will deny summary judgment on the basis that Plaintiff's Charge of Discrimination was untimely. *See Stewart v. Booker T.*

*Washington Ins.*, 232 F.3d 844, 849 (11th Cir. 2000) ("[T]o require a plaintiff to file a discriminatory termination charge with the EEOC prior to the *receipt* of notice of termination would be to require a filing prior to the occurrence of the discriminatory conduct." (emphasis added)).

### B.    Employment Action Discrimination

Defendant next argues that Plaintiff has failed to produce evidence to support her claims for employment discrimination on the basis of race, color, national origin, and sex—Counts I, II, and III—related to her denial of promotion to full professor.  In cases where, as here,[1] there is no direct evidence of discrimination, a burden-shifting framework applies to evaluate circumstantial evidence of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  First, Plaintiff must produce "sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion."  *Williams v. Vitro Servs. Corp.*, 144 F.3d 1438, 1441 (11th Cir. 1998) (quotation omitted).  To establish her prima facie case, Plaintiff must prove that (1) she was a member of a protected class; (2) she was qualified for or adequately performed her position; (3) she suffered an adverse employment action; and (4) similarly situated employees outside of her protected class were treated more favorably than she was.  *See Knight v. Baptist Hosp. of Mia., Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003).

If Plaintiff produces sufficient evidence to support an inference that her denial of promotion was motivated by unlawful animus, the burden then shifts to Defendant to articulate legitimate and nondiscriminatory reasons for the employment action.  *See*

---

[1] Plaintiff contends that she has direct evidence that her denial of promotion was motivated by unlawful animus but fails to identify any such evidence in the record.

*Castillo v. Roche Labs, Inc.*, 467 F. App'x 859, 862–63 (11th Cir. 2012).  This would require Defendant to produce evidence that would allow the jury to rationally conclude that the employment action was not motivated by discriminatory animus.  *See Tex. Dep't of Cmty Affs. v. Burdine*, 450 U.S. 248, 253–54 (1981).  The burden then shifts back to Plaintiff to prove that Defendant's proffered nondiscriminatory reason is pretextual and that the actual reason for the adverse employment action was discrimination.  *Brown v. City of Opelika*, 211 F. App'x 862, 863–64 (11th Cir. 2006).

There is no dispute that Plaintiff belongs to a protected class with respect to each of her claims for employment discrimination or that her denial of promotion was an adverse employment action.  Defendant instead argues that summary judgment is appropriate on Counts I, II, and III because Plaintiff has failed to point to any evidence of actual discriminatory intent or motive.

The Court finds that Plaintiff has failed to establish a prima facie case of employment discrimination.  Plaintiff's Response contains only argument that her denial of promotion was motivated by discriminatory animus, without citation to *any* record evidence for support.  Similarly, although Plaintiff does name several individuals she contends are "similarly situated" comparators, she fails entirely to explain, with citation to the record, how they qualify as "similarly situated" and how they were treated more favorably.  Without record support, Plaintiff necessarily cannot produce "sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion."  *Williams*, 144 F.3d at 1441 (quotation omitted).  Accordingly, Plaintiff's claims for employment discrimination fail at the outset.

Even assuming that Plaintiff could establish a prima facie case of discrimination, the Court further finds that Defendant has articulated a nondiscriminatory reason for the denial of promotion. *See Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983) ("[T]he defendant's burden of rebuttal is exceedingly light; 'the defendant need not persuade the court that it was actually motivated by the proffered reasons . . . it is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" (quoting *Tex. Dep't of Cmty Affs.*, 450 U.S. at 254–55)). Specifically, Defendant points to a committee report recommending against Plaintiff's promotion because Plaintiff had failed to meet the standard for production of scholarship. (Doc. 75-3 at 340–343). Provost Maurice Edington, the final decisionmaker with respect to Plaintiff's denial of promotion, articulated this same reason to Plaintiff when explaining the reasons for her denial of promotion. (Doc. 75-2 at 1, 6).

The Court finds that this is a legitimate, nondiscriminatory reason for Plaintiff's denial of promotion, and sufficient to satisfy Defendant's "exceedingly light" burden of rebuttal. *Perryman*, 698 F.2d at 1142; *see also Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020) ("An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." (quotation omitted)). Moreover, apart from several conclusory comments, Plaintiff has failed to develop and support any argument that this reason is pretextual. Any such argument is thus waived. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting

that the court need not consider "perfunctory and underdeveloped" arguments and that

such arguments are waived); *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599

(11th Cir. 1995).

Finally, Plaintiff argues that a Title VII plaintiff who cannot satisfy the *McDonnell*

*Douglas* burden shifting framework may still prove her case with what the Eleventh Circuit

has called a "convincing mosaic of circumstantial evidence that would allow a jury to infer

intentional discrimination by the decisionmaker." *Tynes v. Fla. Dep't of Juv. Just.*, 88

F.4th 939, 946 (11th Cir. 2023) (quotation omitted).   "A convincing mosaic of

circumstantial evidence is simply enough evidence for a reasonable factfinder to infer

intentional discrimination in an employment action—the ultimate inquiry in a

discrimination lawsuit." *Id.* at 947 (quotations omitted); *see also Equal Emp. Opportunity*

*Comm'n v. Exel, Inc.*, 884 F.3d 1326, 1329 (11th Cir. 2018) ("A plaintiff can prove sex

discrimination under Title VII by showing that her sex was a motivating factor for any

employment practice, even though other factors also motivated the practice." (quotations

omitted)).

Under any standard or procedural framework, however, Plaintiff's claims cannot

survive summary judgment.   As noted above, Provost Edington has disclaimed any

discriminatory intent.   Further, the committee that evaluated Plaintiff for promotion

articulated a legitimate reason for its recommendation of denial.   Although Plaintiff

contends that she has a "convincing mosaic" of evidence in addition to "mixed-motive"

evidence showing otherwise, she does not point to any such evidence, direct or

circumstantial, in the record.   Plaintiff accordingly fails to create any genuine dispute of

material fact, and there is no basis upon which a reasonable jury could infer that

Defendant's failure to promote Plaintiff was motivated by unlawful discriminatory animus. Summary judgment is appropriate on Plaintiff's claims for employment discrimination in Counts I, II, and III.

### C.    Hostile Work Environment Harassment

Defendant next seeks summary judgment on Plaintiff's hostile work environment claims under Title VII, alleged in Counts IV, V, and VI.  An employer may be liable for unlawful discrimination against an employee through the "creation of a hostile work environment caused by . . . harassment that is sufficiently severe or pervasive to alter the terms and conditions of work." *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1300 (11th Cir. 2007).  To establish her claims for hostile work environment, Plaintiff must show that: (1) she belongs to a protected class; (2) she was subject to unwelcome harassment; (3) the harassment was based on her race, color, or sex; (4) the "harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) "a basis for holding the employer liable." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999).

Defendant first contends that Plaintiff's claims for hostile work environment are untimely.  As noted above, prior to bringing suit under Title VII, Plaintiff was first required to file a charge of discrimination within 300 days of the discriminatory acts alleged therein. *See Maynard*, 256 F.3d at 1262–63.  With respect to claims of harassment, a Court may consider a series of untimely harassing conduct, provided that such conduct is "part of the same actionable hostile work environment practice, and . . . any act falls within the statutory time period." *Jimerson v. Int'l Longshoremen's Ass'n, Local 1423*, No. Civ.A. CV205-101, 2005 WL 3533044, at *16 (S.D. Ga. Dec. 22, 2005) (quotation omitted).  "A

series of harassing conduct comprises the same hostile work environment where the 'pre-and post-limitations period incidents involve[d] the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers.'" *Jones v. Allstate Ins. Co.*, 707 F. App'x 641, 647 (11th Cir. 2017) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002)).

Plaintiff filed her Charge of Discrimination on May 29, 2020. (Doc. 75-3 at 350). Accordingly, only acts of discriminatory harassment occurring on or after August 3, 2019, are timely. Although Plaintiff's charge of discrimination alleges a series of discriminatory incidents stretching back to 2010, the Court notes that these incidents seemed to occur only rarely over a span of more than ten years. (*Id.* at 350–351). Further, the charge of discrimination alleges insulting comments, a "sham" dismissal of Plaintiff's discrimination charge with Defendant, and accusations related to the performance of Plaintiff's job duties. Each of these actions is alleged to have been perpetrated by different individuals, some Plaintiff's colleagues, some her supervisors. The Court accordingly finds that these allegations involve disparate discriminatory acts, committed infrequently, and by different individuals. Therefore, the incidents alleged before August 3, 2019 are not "part of the same actionable hostile work environment practice" and are thus untimely. *Jimerson*, 2005 WL 3533044, at *6. The Court will accordingly not consider evidence of any such incidents in evaluating Plaintiff's claims for hostile work environment.

On the merits, Defendant argues that Plaintiff's claims for hostile work environment fail because the alleged harassment is not sufficiently "severe or pervasive." *Mendoza*, 195 F.3d at 1245. Title VII is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quotation omitted). In fact, "Title VII does not prohibit all verbal

or physical harassment in the workplace[.]" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). "[T]he ordinary tribulations of the workplace, such as the sporadic use of abusive language, [race]-related jokes, and occasional teasing[,]" do not violate the law. *Faragher*, 524 U.S. at 788 (quotation omitted). Instead, "Title VII prohibits only the type of severe or pervasive [ ] harassment that 'alter[s] the conditions of the victim's employment.'" *Johnson*, 234 F.3d at 509 (quoting *Oncale*, 523 U.S. at 81). In evaluating whether harassing conduct is severe or pervasive, courts must consider the "totality of the circumstances," looking to four factors: (1) frequency, (2) severity, (3) whether the conduct is physically threatening or humiliating, and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza*, 195 F.3d at 1246. Plaintiff's subjective perception of harassment as severe or pervasive "must be objectively reasonable." *Id.* "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* (quoting *Oncale*, 523 U.S. at 81).

Considering the totality of the circumstances presented in the summary judgment record, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claims. First, it is undisputed that Plaintiff was never subjected to physically threatening conduct, cutting against the severity of the alleged harassment. Second, the record shows that any harassing conduct or behavior was too infrequent or sporadic to be considered pervasive. Plaintiff cites no record evidence to refute these conclusions. Further, the harassing conduct Plaintiff alleges—again, without record support—simply does not rise to the level of severity necessary to alter the conditions of Plaintiff's employment. *See, e.g.*, *Barrow v. Ga. Pac. Corp.*, 144 F. App'x 54, 57 (11th Cir. 2005)

(affirming summary judgment for employer where African American plaintiff was repeatedly called racial slurs and occasionally subjected to other racially threatening conduct). Finally, Plaintiff points to no evidence that any of the alleged harassing conduct "unreasonably interfere[d] with [her] job performance." *Mendoza*, 195 F.3d at 1246. Because Plaintiff has failed to set forth any evidence showing there is a genuine dispute of material fact as to the severity and pervasiveness of the alleged harassment, the Court finds that summary judgment for Defendant on Counts IV, V, and VI is appropriate.

### D. Retaliation

Defendant finally argues that it is entitled to summary judgment on Plaintiff's retaliation claim, alleged in Count VII. Under Title VII's anti-retaliation provision, an employer cannot retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish retaliation, Plaintiff must show: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse action. *Howard v. Walgreen* Co., 605 F.3d 1239, 1244 (11th Cir. 2010).

Defendant argues summary judgment is appropriate because Plaintiff has failed to establish a causal connection between her protected activity and an adverse employment action. Plaintiff alleges that she filed multiple formal complaints with Defendant regarding "unequal treatment, discrimination, and bias"—in addition to similar informal statements— and that Defendant subjected Plaintiff to a "pattern of retaliatory conduct." (Doc. 34, ¶¶ 301–302). However, Plaintiff fails to identify *any* instances of such retaliatory conduct

or to cite to the same in the record.  Nor does Plaintiff explain the causal connection between the alleged "retaliatory harassment" and an adverse employment action. Without any evidence of the alleged pattern of retaliatory conduct or a causal link to her complaints, Plaintiff's claim for retaliation cannot survive summary judgment.  *See DeBose v. USF Bd. of Trs.*, 811 F. App'x 547, 557 (11th Cir. 2020) (affirming judgment as a matter of law against the plaintiff for failure to present evidence establishing causation between complaints of discrimination and the plaintiff's termination). Accordingly, Defendant's Motion will be granted as to Count VII.

## IV.    CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Summary Final Judgement (Doc. 76) is **GRANTED in part** as set forth herein and **DENIED** in all other respects.

2. The Clerk is directed to enter judgment in favor of Defendant, and against Plaintiff, on each of her claims.

3. Thereafter, the Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on January 10, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARITZA REYES,

     Plaintiff

v.                              Case No.:  6:22-cv-1525-WWB-DCI

FLORIDA A&M UNIVERSITY
BOARD OF TRUSTEES (FAMU),

     Defendant.

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came before the Court and a decision has been rendered.

      **IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of defendant, and

against Plaintiff, on each of her claims.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: January 13, 2025

                          ELIZABETH M. WARREN,
                          CLERK

                          s/ELA, Deputy Clerk

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable.  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983).  A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)  **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984).  A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. Section 1292(a)**:  Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed."  Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**:  The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals.  The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional.  Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001).  In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from.  However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within  60 days after such entry.  **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.**  Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal.  Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause.  Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format.  See also Fed.R.App.P. 3(c).  A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MARITZA REYES,**

      **Plaintiff,**

**v.**                         **CASE NO.: 6:22-cv-1525-WWB-DCI**

**FLORIDA A&M**
**UNIVERSITY BOARD**
**OF TRUSTEES ("FAMU")**

      **Defendant.**
_____

## PLAINTIFF'S NOTICE OF APPEAL

      Notice is hereby given that Plaintiff, Maritza Reyes, hereby appeals to the United States Court of Appeals for the Eleventh Circuit, the Order [on Defendant's Motion for Summary Final Judgment] (Doc. 153), which was entered on January 10, 2025, and the Judgment in a Civil Case (Doc. 154), which was entered on January 13, 2025.

      Dated this 10th day of February, 2025.

                            Respectfully submitted,

                            /s/ Maritza Reyes
                            P.O. Box 5102
                            Winter Park, FL 32793
                            mreyesclaim@gmail.com
                            305-308-8200

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on February 10, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice to Defendant's attorneys.

                            /s/ Maritza Reyes
                            Plaintiff