# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARITZA REYES,**

      **Plaintiff,**

v.                                                        **Case No: 6:22-cv-1525-WWB-DCI**

**FLORIDA A&M UNIVERSITY BOARD
OF TRUSTEES (FAMU),**

      **Defendant.**

## ORDER

On January 10, 2025, the Court granted in part Defendant's Motion for Summary Judgment, directed the Clerk to enter judgment in Defendant's favor and against Plaintiff on each of her claims, and directed the Clerk to close the case. Doc. 153. On January 13, 2025, the Clerk entered the Judgment. Doc. 154. Defendants then filed a Proposed Bill of Costs, and the Clerk entered a Bill of Costs and taxed costs against Plaintiff in the amount of $8,769.15. Docs. 156, 159. Plaintiff has filed a Notice of Appeal as to the Court's Order on Summary Judgment and the Judgment, and a review of PACER reflects that the appeal remains pending. Doc. 157.

Before the Court is Plaintiff's Motion for Court's Review and Clerk's Entry of Costs. Doc. 160 (the Motion). Plaintiff requests that the Court vacate the Clerk's taxation of costs pending resolution of her appeal or, alternatively, that the Court review the Clerk's taxation of costs. *Id*. Defendant has filed a Response to the Motion and contends that it would be inefficient to vacate the Bill of Costs and restart the entire process of taxing costs after the appeal. Doc. 165 at 6. Defendant argues that "[t]he most efficient use of the parties' and the Court's resources here would

be to decide the costs currently at issue before the Court, then make any necessary modifications as a result of the appeal after the appeal has been finalized. *Id.*[1]

The Court does not agree with Defendant's view on efficiency. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 further provides that the "clerk may tax costs on 14 days' notice [and] [o]n motion served within the next 7 days, the court may review the clerk's action." *Id.* Thus, "[w]hile Section 1920 allows for the taxation of costs, the Clerk must initially tax costs." *Lowe v. STME, LLC*, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019) (citing Fed. R. Civ. P. 54(d)(1)); *see also Winnie v. Infectious Diseases Assocs., P.A.*, 2018 WL 10456833, at *1 (M.D. Fla. Mar. 19, 2018) ("Fed. R. Civ. P. 54(d)(1) makes plain the Clerk taxes initially.").

The taxation of costs has occurred in this case. "After costs have been fixed by the clerk, a motion may be made for judicial review of the clerk's action." *Fenyvesi v. Suncoast Motel and Apartments, Inc.*, 2023 WL 4208714, at *1 (M.D. Fla. June 9, 2023) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2679 (4th ed. 2023)). Even so, "courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy." *See Pinto v. Rambosk*, 2021 WL 4263404, at *2 (M.D. Fla. Sep. 20, 2021) (citing *Truesdell v. Thomas*, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (collecting cases)).

In light of Plaintiff's pending appeal, the Court finds it appropriate to defer ruling on the review of the taxable costs until the resolution of the appeal. The Court, however, does not agree

---

[1] Defendant also addresses the question of whether the requested costs are recoverable, but the Court will not reach those arguments at this juncture.

that it is necessary to vacate the Bill of Costs. Instead, the Court will extend Plaintiff's deadline to file a motion to review pursuant to Rule 54(d)(1).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 160) is **GRANTED in part** to the extent that Plaintiff's deadline to file a motion to review the Clerk's action pursuant to Rule 54(d)(1) is extended to the 14th day after the date the Circuit issues a mandate or an order dismissing the appeal; and

2. the remainder of the Motion (Doc. 160) is **DENIED**.

**ORDERED** in Orlando, Florida on April 23, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties